Samantha K. DuMond (SBN 019769)
**DUMOND LAW FIRM, PLLC**
340 East Palm Lane, Suite A100
Phoenix, AZ 85004
Telephone: (602) 803-4975
Facsimile: (602) 680-3330
E-mail: Samantha@DuMondLawAZ.com

Erica T. Dubno (SBN 037310)
**HERALD PRICE FAHRINGER, PLLC**
**d/b/a/ FARHINGER & DUBNO**
43 West 43rd Street, Suite 261
New York, NY 10036
Telephone: (212) 319-5351
Facsimile: (212) 319-6657
Email: Erica.Dubno@fahringerlaw.com
*Attorneys for Plaintiffs Does I-IV*

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jane Doe, an individual; John Doe I, an individual; John Doe II, an individual; and Minor Doe, a minor, by and through his guardian, John Doe II, | No. |
| Plaintiffs, | **COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF PURSUANT TO 42 U.S.C. § 1983** |
| vs. | |
| Kris Mayes, Arizona Attorney General, in her official capacity; and Russ Skinner, Sheriff of Maricopa County, Arizona, in his official capacity, | |
| Defendants. | |

## NOTICE OF CHALLENGE TO CONSTITUTIONALITY OF STATE STATUTE

COMES NOW, Plaintiffs Jane Doe, John Does I and II, and Minor Doe, hereby challenge the upcoming amendments of S.B. 1404 and S.B. 1236 of the Arizona 56th

1

Legislature, 2nd Regular Session (hereinafter collectively "the Amendments") that will be incorporated into Arizona Revised Statutes (A.R.S.) §§ 13-3821(I)(5), 13-3822(E), 13-3825(C)(1) and 13-3827(A)(2) on effective date September 14, 2024. Plaintiffs additionally challenge the current, unamended provision of A.R.S. § 13-3825(C)(1).

The Amendments, *inter alia*, (1) extend community notification to Level One offenders convicted of certain offenses against a minor who is under 15 years of age enumerated in A.R.S. § 13-705(T)(1) and labeled as a "Dangerous Crime Against Children" ("DCAC") offense; (2) extend online publication requirements to Level One offenders convicted of DCAC offenses; (3) require an offender to register the name, school, and enrollment status of a minor child in their custody; and (4) extend community notification to the schools of children whose parents are on the registry. A.R.S. § 13-3825(C)(1) requires community notification to "appropriate community groups" and "prospective employers," which are impermissibly vague terms. These statutes place upon Plaintiffs, and others similarly situated, affirmative disabilities and restraints in violation of the First, Eighth and Fourteenth Amendments to the Constitution of the United States, Article 1 § 10 of the U.S. Constitution, as well as rights under Article 2, §§ 4, 6, 8, 13, and 25 of the Arizona Constitution. Plaintiffs' claims are both facial and as applied.

## **Jurisdiction and Venue**

1.     Plaintiffs' claims are brought pursuant to 42 U.S.C. § 1983.

2.     Jurisdiction is proper under 28 U.S.C. §§ 1331 and 1343. Plaintiffs seek redress for the deprivation of rights secured by the United States Constitution.

3.     The declaratory and injunctive relief sought by Plaintiffs is authorized by 28 U.S.C. §§ 2201 and 2202, Fed. R. Civ. P. 57 and 65, and by the legal and equitable powers of this Court.

4.     Venue is proper in the District of Arizona pursuant to 28 U.S.C. § 1391(b)(2). Plaintiffs and Defendants reside within the District of Arizona.

## Parties

### A. Plaintiffs

#### a. Jane Doe

5.     Plaintiff Jane Doe (alternatively "Plaintiff I") is a resident of Maricopa County, Arizona.

6.     Plaintiff I is required to register as a sex offender based upon an alleged incident on a single day (February 5, 2004), which resulted in two convictions for molestation of a child.

7.     Plaintiff I's alleged offense was *more than 20 years ago*.

8.     Plaintiff I has always maintained her innocence.

9.     Plaintiff I successfully completed her sentence and term of community supervision upon release.

10.     Plaintiff I is not subject to a term of probation.

11.     Plaintiff I is not subject to any state supervision.

12.     Plaintiff I had her civil liberties restored and a judge determined that she was not convicted of a dangerous offense, as defined in A.R.S. § 13-704.

13.     Lifetime registration is mandated by A.R.S. § 13-3821.

3

14.     Plaintiff I has never reoffended, yet she must register for life without possibility of relief, regardless of rehabilitative efforts and the absence of any subsequent offenses.

15.     Plaintiff I's convictions were statutorily classified as dangerous crimes against children under A.R.S. § 13-705 merely because the minor was under 15 years old.

16.     Plaintiff I's convictions were not found to be dangerous under A.R.S. § 13-704 and did not involve a minor under 12 years old.

17.     The Maricopa County Sheriff's Office has determined that Plaintiff I is a "Level One" offender, meaning she is at the *lowest* risk – or at no risk – to reoffend. *See* A.R.S. § 13-3825(C).

18.     Plaintiff I's risk of committing a sexual offense, against a minor or otherwise, is no greater than the risk for someone not previously convicted of a sexual offense.

19.     Currently, as a Level One offender, Plaintiff I is not subject to community notification. *See* A.R.S. § 13-3825(C).

20.     Currently, Plaintiff I's personal information is not publicly available on the State of Arizona's Internet Sex Offender Website. *See* A.R.S. § 13-3827(A).

21.     Absent injunctive relief, upon the effective date of the Amendments, Plaintiff I will be subject to community notification and her personal information will be made publicly available on Arizona's Sex Offender Website. *See* A.R.S. § 13-3825(C)(2); A.R.S. § 13-3825(C)(1), amended by S.B. 1404. *See also* A.R.S. § 13-3827(A)(2), amended by S.B. 1236.

### b.  John Doe I

22.     Plaintiff John Doe I (alternatively "Plaintiff II") is a resident of Maricopa County, Arizona.

23.     Plaintiff II is required to register as a sex offender pursuant to 2016 convictions for attempted sexual contact with a minor, sexual abuse, and public sexual indecency.

24.     Plaintiff II's lifetime registration is mandated by A.R.S. § 13-3821.

25.     Two of Plaintiff II's convictions were classified as dangerous crimes against children under A.R.S. § 13-705 merely because the minor was under 15 years old.

26.     Plaintiff II's convictions were not found to be dangerous under A.R.S. § 13-704 and did not involve a minor under 12 years old.

27.     Plaintiff II's date of offense is July 27, 2015.

28.     Plaintiff II's convictions occurred *nearly a decade ago*.

29.     Plaintiff II is subject to lifetime probation.

30.     Plaintiff II has never had a violation of his probation.

31.     The Maricopa County Sheriff's Office has determined that Plaintiff II is a Level One offender, meaning he is at the *lowest* risk – or at no risk – to reoffend. *See* A.R.S. § 13-3825(C).

32.     Plaintiff II's risk of committing a sexual offense, against a minor or otherwise, is no greater than the risk for someone not previously convicted of a sexual offense.

33.     Plaintiff II has never reoffended, yet he must register for life without possibility of relief, regardless of rehabilitative efforts and the absence of any subsequent offenses.

34.     Currently, Plaintiff II is not subject to community notification as a "Level One" offender. *See* A.R.S. § 13-3825(C).

35.    Currently, Plaintiff II's information is not publicly available on the State of Arizona's Internet Sex Offender Website. *See* A.R.S. § 13-3827(A).

36.    Absent injunctive relief, upon the effective date of the Amendments, Plaintiff II will be subject to community notification and his personal information will now be made publicly available on Arizona's Sex Offender Website. *See* A.R.S. § 13-3825(C)(2); A.R.S. § 13-3825(C)(1), amended by S.B. 1404. *See also* A.R.S. § 13-3827(A)(2), amended by S.B. 1236.

### c.   John Doe II

37.    Plaintiff John Doe II (alternatively "Plaintiff III") is a resident of Maricopa County, Arizona.

38.    Plaintiff III is required to register as a sex offender based upon an incident on a single day (June 28, 2008), which resulted in a conviction for attempted child molestation.

39.    Plaintiff III's conviction was classified as a dangerous crime against children under A.R.S. § 13-705 merely because the minor was under 15 years old.

40.    Plaintiff III's conviction was not found to be dangerous under A.R.S. § 13-704 and did not involve a minor under 12 years old, nor a child in his custody.

41.    Plaintiff III's conviction occurred *sixteen years ago*.

42.    Plaintiff III has been released from statutorily-mandated lifetime probation after demonstrating that he is not a threat to public safety.

43.    Plaintiff III is not subject to any state supervision.

44.    The Maricopa County Sheriff's Office has determined that Plaintiff III is a Level One offender, meaning he is at the *lowest* risk – or at no risk – to reoffend. *See* A.R.S. § 13-3825(C).

45.    Plaintiff III's risk of committing a sexual offense, against a minor or otherwise, is no greater than the risk for someone not previously convicted of a sexual offense.

46.    Plaintiff III has never reoffended, yet he must register for life without possibility of relief, regardless of rehabilitative efforts and the absence of any subsequent offenses.

47.    Currently, Plaintiff III is not subject to community notification as a "Level One" offender. *See* A.R.S. § 13-3825(C).

48.    Currently, Plaintiff III's personal information is not publicly available on the State of Arizona's Internet Sex Offender Website. *See* A.R.S. § 13-3827(A).

49.    Absent injunctive relief, upon the effective date of the Amendments, Plaintiff III will be subject to community notification and his information will now be made publicly available on Arizona's Sex Offender Website. *See* A.R.S. § 13-3825(C)(2); A.R.S. § 13-3825(C)(1), amended by S.B. 1404. *See also* A.R.S. § 13-3827(A)(2), amended by S.B. 1236.

50.    Plaintiff III has legal custody of his biological minor child who is currently enrolled in school.

51.    Absent injunctive relief, the Amendments will require Plaintiff III to report to the Maricopa County Sheriff's Office the name, school, and enrollment status of his child, and have his child's school notified that he has custody of a child attending the school

along with his community notification information. *See* A.R.S. §§ 13-3821(I)(5), 13-3821(S)(2), (5), 13-3822(E), F(2), (5), and 13-3825(O)(1)-(2) as amended by S.B. 1404.

### d. Minor Doe

52.     Plaintiff Minor Doe (alternatively "Plaintiff IV") is a resident of Maricopa County, Arizona.

53.     Plaintiff IV is a minor and presenting claims to protect their constitutional rights through their guardian and biological father John Doe II (Plaintiff III).

54.     Plaintiff III has sole custody of Minor Doe, Plaintiff IV.

55.     Plaintiff IV has never been convicted of, arrested, or suspected of committing any sex offense, or any other offense, under Title 13 of the Arizona Revised Statutes.

56.     Plaintiff IV has no requirement to register any information as mandated by A.R.S. § 13-3821.

57.     Absent injunctive relief, upon the effective date of the Amendments, Plaintiff IV will have their name, address, custodial status, school, and enrollment status reported to the Maricopa County Sheriff's Office and have their school notified that their father has a child who attends that school, along with their father's community notification information. *See* A.R.S. §§ 13-3821(I)(5), 13-3821(S)(2), (5), 13-3822(E), F(2), (5), and 13-3825(O)(1)-(2) as amended by S.B. 1404.

58.     Plaintiff Minor Doe has no possibility of relief from the Amendments until they are over 18 years old, despite having no connection to an offense their custodial parent (a *lowest* level offender) was convicted of nearly 16 years ago.

### B. Defendants

59.    Defendant Kris Mayes serves as the Attorney General of the State of Arizona. Her office is located at 2005 North Central Avenue, Phoenix, Arizona 85004. She is sued in her official capacity. The Arizona Attorney General's Office is the apex law enforcement agency of the State of Arizona who has the authority to prosecute and otherwise influence whether or not an individual is charged with violating Arizona state law. As the Attorney General Defendant Mayes has the statutory authority to conduct, direct, or influence prosecutions for violation of State law,

60.    The Maricopa County Sheriff's Office ("MCSO") is responsible for conducting assessments of convicted sex offenders who move into, or within, Maricopa County, Arizona. MCSO provides information to the public and other law enforcement agencies concerning sex offender registration within Maricopa County. MCSO monitors registered sex offender compliance and investigates incidents of alleged non-compliance.

61.    Defendant Russ Skinner is the Sheriff of Maricopa County, Arizona. His office is located at 550 West Jackson Street, Phoenix, Arizona 85003. He is sued in his official capacity.

62.    Pursuant to A.R.S. § 11-441, a county sheriff is charged with "arresting and taking before a magistrate for examination all persons who attempt to commit or who have committed a public offense."

63.    Pursuant to A.R.S. § 13-3821(A), (I), and (J), a county sheriff is responsible for collecting registration information and is the public official to whom a person required to register must report in order to fulfill the registration requirements challenged herein.

64.    As the Sheriff of Maricopa County, Defendant Skinner is responsible for conducting the collection of information and public notification challenged in this suit.

65.    All actions of Defendants in connection with the allegations of this Complaint are taken under color of Arizona law.

66.    Defendants have not disavowed the intent to enforce the Amendments challenged here.

**Statement of Facts**

**A. DANGEROUS CRIMES AGAINST CHILDREN OFFENSES**

67.    The Amendments extend online publication and community notification to low-level sexual offenders who have not actually been found to be dangerous or pose any danger to anyone. The Amendments call for the publication and community notification of very low-risk offenders solely because they were convicted an offense listed as a "dangerous crime against children" in A.R.S. § 13-705(T).

68.    A "dangerous crime against children" ("DCAC") offense is an offense "that is committed against a minor who is under fifteen years of age." *See* A.R.S. § 13-705(T)(1).

69.    The State of Arizona punishes offenders who commit crimes against children much more harshly than crimes committed against adults. Crimes that are committed against a child who is under the age of twelve is subject to even harsher punishments than other DCAC offenders.

70.    Despite the name, a DCAC offense is not considered "dangerous" under the normal, definitional meaning of the word.

71.    Despite the name, a DCAC offense is not a "dangerous" offense within the meaning of A.R.S. §§ 13-105 and 13-704.

72.    Rather, the DCAC name comes from the simple fact of the offense being committed against a person under a certain age.

73.    The idea behind the DCAC is to deter individuals from engaging in offenses that result in harms to victims under a particular age through stiffer penalties for doing so, not because the offenses enumerated to be DCAC are by their nature particularly "dangerous" or "repetitive."

**B. ARIZONA SEX OFFENDER REGISTRATION**

74.    Arizona law automatically requires registration as a sex offender pursuant to conviction for any one of 22 offenses. *See* A.R.S. § 13-3821(A).

75.    In almost all circumstances, registration is for life. A.R.S. § 13-3821(M).

76.    Under Arizona law, every person convicted of a sex offense is subject to an individualized assessment. *See* A.R.S. § 13-3825. The 19-factor screening tool used in Arizona is designed to predict a sex offender's likelihood or risk of recidivism of a sex offense or any other offense.

77.    Based on this assessment, an offender is assigned to one of the three levels in the registration system.

78.    Level One offenders, like Plaintiffs, are those with the lowest risk of reoffending.

79.    Level One offenders have not committed violent offenses.

80.    Offenders found to pose a medium risk of reoffending are assigned to Level Two.

81.    Offenders in Level Three are those deemed to be potential threats to public safety and have the highest risk of reoffending.

## C. HISTORY OF ARIZONA SORA'S INCREASING BURDENS

82.    Arizona's legislature enacted sex offender registration requirements in 1983 ("SORA"). 1983 Ariz. Sess. Laws. Ch. 202, § 13.

83.    Only two years after SORA's passage, the legislature began to increase public access to a sex offender's information if certain circumstances were met. 1985 Ariz. Sess. Laws, ch. 54, § 2.

84.    In 1995, Arizona adopted its version of "Megan's Law" and enacted community notification statutes. 1995 Ariz. Sess. Laws, Ch. 257, § 11, subsec. A.

85.    In 1998, Arizona established a sex offender website, making some offenders' personal information (name, address, age, and photograph) accessible to the public. 1998 Ariz. Sess. Laws, Ch. 291, § 5.

86.    When these laws were passed Level One registrants were not subject to community notification or online publication. This is because they pose no or so little risk to the community. Exposure through community notification and the website was only appropriate for Level Two (moderate risk) and Level Three (high risk) sexual offenders. *See also* A.R.S. § 13-3825(C). This is because only those offenders were found to pose any risk to the community.

87.    The legislature began tightening the restrictions against sex offenders yet again in 2016 by including Level One offenders convicted of offenses involving victims under the

age of twelve years old on the website and in community notification. Those types of offenders also suffer harsher sentencing ranges under A.R.S. § 13-705.

88.    Since 1983, the Arizona State Legislature has continually amended Arizona's SORA statutes to make them more wide-ranging and onerous, and has continually increased the punishment for failing to comply with any requirement of the sex offender registration statutes. In no case has the legislature made any findings or relied on substantive evidence that the amendment would increase public safety.

89.    Arizona Revised Statutes § 13-3821, entitled "Persons required to register; procedure; identification card; assessment; definitions", has been amended at least fifteen times since its enactment in 1983.

90.    A.R.S. § 13-3822, entitled "Notice of moving from place of residence or change of name, electronic information or vehicle information; forwarding of information; definitions", has been amended at least eight times since 1985.

91.    A.R.S. § 13-3825, entitled "Community notification", has been amended six times since its enactment in 1996.

92.    A.R.S. § 13-3827, entitled "Internet sex offender website; investigation of records; immunity; exceptions; definitions", has been amended eight times since its enactment in 1998.

**D. ONLINE PUBLICATION OF SEX OFFENDER INFORMATION AND COMMUNITY NOTIFICATION PRIOR TO THE CHALLENGED AMENDMENTS**

93.    When a sex offender registers, they are required to provide their name(s), online identifier(s) and related online information, vehicle(s) and related vehicle information, and residence(s) and related residence information.

94.    Level Two and Level Three offenders (high risk) are subject to online publication and community notification of their registry information.

95.    Most Level One (low risk) sexual offenders are not subject to online publication or community notification of their registry information. They are, however, subject to registration and supervision by the local law enforcement agency responsible for notification. Their information is maintained and can be disseminated to other law enforcement agencies and to anyone with whom the offender resides.

96.    For offenders subject to community notification requirements, the notification is non-electronically disseminated to their "neighborhood, area schools, appropriate community groups and prospective employers." This notification includes a photograph, exact address, and summary of the offender's status and criminal background. This same information is given to local electronic and print media in a press release to be placed in a local publication. *See* A.R.S. § 13-3825(C).

97.    Level One (low risk) sexual offenders are only subject to online publication if convicted of: (1) sexual assault; (2) commercial sexual exploitation of a minor; (3) non-commercial sexual exploitation of a minor; (4) child prostitution; (5) child sex trafficking; or enumerated sex offenses for victims under twelve years of age.

98.     For offenders subject to online publication, the Arizona sex offender website publicizes the offender's name, address, age, current photograph, the offense committed, notification level, and if a risk assessment has been completed.

99.     The public registry includes a "submit a tip" button on each registrant's page. Information provided by the public through that system is sent to the registrant's local law enforcement agency. The public can also register to "track" a registrant and sign-up to receive email notifications if any information regarding a registrant changes.

**E.  ADDITIONAL RESTRICTIONS IMPOSED AGAINST REGISTERED SEX OFFENDERS, INCLUDING PLAINTIFFS**

100.    Through diligent rehabilitative efforts, Plaintiffs I, II, and III earned Level One designations by the Maricopa County Sheriff's Office. That low-risk classification provides the benefit of avoiding community notification requirements and currently does not subject Plaintiffs to publication on the Arizona sex offender website.

101.    However, Plaintiffs are still required to keep their information updated with their local sheriff's office and are fully known to law enforcement.

102.    All individuals convicted of a sexual offense and sentenced to probation are mandated to attend sex offense specific treatment.

103.    Like probation or parole, the registration scheme requires offenders to report to their local sheriff's office. A.R.S. § 13-3821.

104.    Many registrants must report in person with a frequency that is similar, but often greater than, their probation/parole reporting obligations. Registrants must also report significantly more information than the requirements of probation or parole. For example,

the registry requires many changes be reported within three business days, often in person, which is a level of reporting that exceeds most requirements while on probation or parole.

105.    As developed in the related action (CV-23-01928-PHX-SMM),[1] Plaintiff John Doe I has to register with the sheriff in person every 90 days—for the rest of his life—because he owns two permanent residences in Arizona. *See* A.R.S. § 13-3821(I). This burden was added by an amendment effective September 20, 2021. 2021 Ariz. Sess. Laws, Ch. 444, § 1.

106.    While probation and parole conditions can be relaxed during the course of supervision, and can be challenged through judicial process, sex offender registration requirements do not decrease over time, cannot be contested, and, apart from very limited exceptions, last a lifetime. A.R.S. § 13-3826; *see also* A.R.S. § 13-3821(D), (F)–(H), (M).

107.    All local sheriff's offices contain Sex Offender Notification Units that monitor registered sex offender compliance and investigate reported incidents involving non-compliance.

108.    The Arizona Department of Public Safety must annually verify the addresses of all registrants. This is done through physical home checks or ordering any other public or private resources to release to them (not the public) information about the offender.

---

[1] This case is related to a pending case in this Court, CV-23-01928-PHX-SMM, brought under 42 U.S.C. § 1983 which challenges other provisions and recent amendments to Arizona's sex offender registration act (A.R.S. §§ 13-3821 and 13-3822). The issues are not identical, but both cases make challenges under the general statutory registration provisions, contain a Plaintiff in common (John Doe I), and contain a Defendant in common (the Maricopa County Sheriff's Office).

109.    Sex offenders must annually renew a special drivers' license or identification card. Failure to obtain this credential is a Class 6 felony.

110.    All other violations of any registration requirements is a Class 4 felony. A.R.S. § 13-3824(A). For almost all persons required to register as sexual offenders, the presumptive sentence for commission of a Class 4 felony is 4.5 years' incarceration. A.R.S. § 13-703; *see also* A.R.S. § 13-702.

111.    Failure to comply with the sex offender registration statutes is a strict liability offense. A.R.S. § 13-202(B).

112.    Apart from very limited exceptions, there is no mechanism to seek relief from the requirement to register in Arizona. A.R.S. § 13-3826.

113.    Under Arizona law, sex offender registration is a sanction so severe that a person charged with a sexually motivated misdemeanor has a right to trial by jury. *Fushek v. State*, 218 Ariz. 285 (2008).

## F.  THE CHALLENGED AMENDMENTS AND STATUTORY PROVISIONS

### a.  S.B. 1404 (Community Notification)

114.    The Arizona Governor signed S.B. 1404 into law on March 29, 2024. Absent injunctive relief, it goes into effect September 14, 2024.

115.    Under the Amendment, community notification will extend to Level One sexual offenders who have been convicted of a DCAC offense. Community notification will be required regardless of when the offense occurred (for example, over 20 years ago), and without any finding or basis to believe the offender poses any actual danger to children or anyone else.

116.    Offenders with minor children in their custody must register the name, school, and enrollment status of a child for whom they have legal custody. The term "enrollment status" and what exact information is required to be reported by that term is not defined within the law.

117.    An offender's personal information will be disseminated to their minor child's school.

118.    There is no mechanism to seek relief from community notification.

### b.  S.B. 1236 (Website)

119.    The Arizona Governor signed S.B. 1236 into law on April 16, 2024. Absent injunctive relief, it goes into effect September 14, 2024.

120.    Publication on the Arizona's sex offender website will extend to Level One sex offenders who have been convicted of a DCAC offense.

121.    There is no mechanism to seek relief from online publication.

### c.  A.R.S. § 13-3825(C)(1) (Dissemination of Information)

122.    Pursuant to A.R.S. § 13-3825(C)(1), notification is disseminated to "the surrounding neighborhood, area schools, *appropriate community groups* and *prospective employers*" (emphasis added).

123.    There is no definition included in the provision defining what is an "appropriate community group" or "prospective employer".

124.    For ease of reference, the following definitions are provided to understand which statutory sections are being discussed below and in the causes of action.

    a.  Community Notification Law: A.R.S. § 13-3825(C)(1).

    **b.** <u>Level One Community Notification Amendment</u>: A.R.S. § 13-3825(C)(1) and A.R.S. § 13-3825(C)(2) as amended by S.B. 1404.

    **c.** <u>Level One Online Publication Amendment</u>: A.R.S. § 13-3827(A)(2), amended by S.B. 1236.

    **d.** <u>Registration of Minor Children Information Amendment</u>: §§ 13-3821(I)(5), 13-3821(S)(2),(5), 13-3822(E), F(2), (5), and 13-3825(O)(1)-(2) as amended by S.B. 1404.

## G. THE GOVERNOR PREVIOUSLY REJECTED A NEARLY IDENTICAL BILL

125.    Previously, a bill that was nearly identical to S.B. 1404 was proposed during the 2023 Fifth-sixth Legislature's First Regular Session (S.B. 1253).[2]

126.    During the legislative session, that bill was hotly debated in part due to concerns that the effect of the bill would harm children, rather than promote the goal of the bill. There was concern that children would become the subject of harassment and bullying by school administration, teachers, and other children and/or parents. This is especially concerning since annual reporting was largely unnecessary due to the Department of Safety already notifying schools in the area of a registered sex offender without singling out the children of sex offenders at their school.[3]

---

[2] The only difference being that in the earlier bill the onus was on the offender to report their status directly to their child's school, rather than the registry. That bill's Summary states that it "[r]equires a person who must be registered as a sex offender and who is the legal guardian of a student at a public or private school to annually provide notice of the person's registration status to the principal or administrator of the school within 10 days after the student's enrollment in the school."

[3] Committee on Judiciary Meeting held on February 16, 2023.

127.   Several opposers of the bill noted that the law contains no punishment for improper dissemination of information by the school, administration staff, or teachers regarding a parent's registration status to other parents or students. Such punishment is similarly not present in S.B. 1404.

128.   Governor Katie Hobbs vetoed S.B. 1253 on April 13, 2023 and later issued a statement explaining that state laws *already* outlined requirements for the registration of sex offenders with the Department of Public Safety and compliance with various ongoing notification requirements, including notifying school districts in which a sex offender lives. Thus, the bill was unnecessary to extend notification to outside area schools.

129.   Now, S.B. 1404 achieves the goal previously deemed "unnecessary" by opposers and the Governor, except the onus is on DPS rather than the offender to make the notification to the outside area school.

**H. SORA STATUTES IMPACT CONSTITUTIONAL RIGHTS**

130.   Sex offender registration has fundamentally changed in the two decades since *Smith v. Doe*, 538 U.S. 84 (2003), where the United States Supreme Court upheld registration and online publication laws which only had effects that were "minor and indirect" restraints on registrants.

131.   Today, more than 40 years after Arizona originally enacted its SORA laws, the registration scheme subject registrants to debilitating and complex restrictions and obligations collectively encompassing virtually every facet of their lives for as long as they live.

132.    Arizona's SORA contains onerous in-person registration for lifetime that impacts residency and travel and imposes community notification and online publication which further impacts residence, employment, intimate associations with family, free speech, and freedom from shame, embarrassment, humiliation, and stigma.

133.    Registration under Arizona's SORA statutes impose harsh obligations coupled with affirmative disabilities and restraints against registrants that can largely never be terminated despite lack of recidivism and complete rehabilitation, and if an offender fails to complete any requirements of the statutory scheme, they are subject to a Class 4 felony and an additional term of imprisonment.

## I.    THE AMENDMENTS ARE PUNITIVE AND NOT NARROWLY TAILORED TO PROMOTE PUBLIC SAFETY

134.    SORA laws have only been affirmed in Arizona due to the narrow tailoring of community notification and online publication being applicable only to offenders with a heightened risk – Level Two and Level Three offenders.

135.    The Amendments transform Arizona's registration laws into a nearly one-size-fits-all regime designed for high-risk offenders, without any delineation between the individualized assessments of current risk.

136.    Instead of affixing additional requirements on an assessment of future dangerousness, the amendments punish based on the base elements of prior criminal conduct.

137.    The stated purpose of the Amendments is to increase the punishment for committing DCAC offenses.

138.    Senator Janae Shamp, the sponsor of S.B. 1404 and S.B. 1236, said "This session, I made it my goal to be a living nightmare for sex offenders" … "I introduced several bills,

including S.B. 1236 and S.B. 1404, to protect our state's most innocent and vulnerable, while increasing consequences for criminals who commit these horrific crimes."[4]

139.    Even if the legislative intent was purely regulatory, the Amendments are so punitive in purpose and effect that it negates any legislative intent to classify these amendments as civil.

140.    Online publication and community notification increases sexual recidivism by exacerbating the risk factors (unemployment, unstable housing, lack of community involvement, etc.) for recidivism.

141.    Arizona imposes these restrictions despite the outcome of individualized risk assessments for the offender.

142.    The Amendment are counterproductive to any avowed purpose of protection.

143.    In passing the Amendments the Legislature did not consider any empirical evidence that the statutes increase public safety.

144.    There are no legislative findings or empirical evidence that extending the community notification or online publication requirements to include Level One, low risk sexual offenders would increase public safety.

145.    Level One offenders have the lowest rate of recidivism and most sexual offenders never commit a second sexual crime.

---

[4] https://www.azsenaterepublicans.gov/post/senator-shamp-champions-legislation-to-protect-arizona-s-children (emphasis added).

146.    For low-level offenders, such as Plaintiffs, after five years offense-free in a community, they are no more likely to commit a new sexual offense than an individual without a sexual offense conviction.

147.    The United States Department of Justice, Bureau of Justice Statistics has found that sex offenders are less likely than non-sex offenders to be rearrested, and when they are rearrested, they are more likely to be arrested for a non-sex offense than to sexually recidivate.[5] In addition, sex offenders are most likely to reoffend the first year after their release, and the rate drops every year after that. *Id.*

148.    Recidivism rates of sexual offenders do not support the general belief that sexual offenders inevitably reoffend. In 2009, the Arizona Criminal Justice Commission Statistical Analysis Center released a study on the recidivism of male sex offenders and found that only 2.4% were arrested for a new sex crime within three years, and the *least common* reoffender were those convicted of crimes against children.[6]

149.    Instead of decreasing recidivism, SORA laws may well increase recidivism rates. A survey of registered sex offenders on a public registry in Kentucky reported 42.7% lost their jobs, 45.3% lost or were denied a place to live, 47% were harassed in person, and 16.2%

---

[5] Matthew R. Durose, et al., U.S. Dep't of Justice, Bureau of Justice Statistics, *Recidivism of Prisoners Released in 30 States in 2005: Patterns from 2005 to 2010*, at 8 (2014), http://www.bjs.gov/content/pub/pdf/rprts05p0510.pdf (at 2 table 1).

[6] Ariz. Crim. Just. Comm'n, Recidivism of Sex Offenders Released from the Arizona Department of Corrections in 2001 (2009), https://cvpcs.asu.edu/sites/default/files/content/projects/Rodriquez%20stevenson.pdf [https://perma.cc/SF2C-AD39].

were physically assaulted.[7] Such attendant consequences exacerbate risk factors for recidivism.

150.    There are no legislative findings or empirical evidence that requiring a sex offender to register information about their minor children, including their name, school, and enrollment status as challenged herein, would increase public safety.

### J.    EFFECTS OF REGISTRATION

146.    Plaintiffs I, II, and III are part of the most reviled group of people in our society. "Nothing provokes more emotionality than sex crimes perpetrated on a child. The public widely regards child sex offenders as the 'worst of the worst' and 'better off dead.'" *May v. Shinn*, 37 F.4th 552, 559 (9th Cir. 2022) (Block, J., concurring). As a result, if their status on the registry as a convicted child sex offender becomes public and broadcasted to their community, Plaintiffs and other registrants will be subject to vitriol, harassment, prejudice, retaliation, and vigilantism.

147.    The development of the internet has revolutionized the dissemination of news. In the past few years, the development of social networking sites has fundamentally altered how information can be shared between friends, acquaintances, and strangers. Such developments have obviated the need for physical newspapers, and nearly physical mail with popular "paperless" options available.

---

[7] Richard Tewksbury, *Collateral Consequences of Sex Offender Registration*, 21 J. Contemp. Crim. Just. 67, 71 (2005).

148.    With such powerful capabilities and widespread reach, a registrant's information being available online is akin to wearing a scarlet letter that the entire world is able to see, increasing the likelihood of discovery and resulting harassment and/or vigilantism.

149.    By statutory design, online publication and community notification mark a particular offender as "dangerous" – that is, under Arizona's registration scheme, online publication and community notification is supposed to be reserved for "dangerous" offenders.

150.    The online registry specifically states that the information is provided to allow persons to "protect themselves" and that persons on the online registry are a "potential threat" to Arizona citizens.

151.    Community notification similarly directly communicates to the local population that the offender is currently dangerous.

152.    With regard to Plaintiffs and other low level offenders, these statements are categorically false.

153.    Absent injunctive relief, the Amendments effectively eliminate any distinction between Level One and higher levels for offenders by allowing community notification and online publication, putting nearly all offenders at risk of severe retaliation and vigilantism regardless of their rehabilitative efforts, lack of potential harm to the community, or time since their offense.

154.    The Amendments specifically require notification to all current and "prospective" employers.

155.   The Amendments will limit Level One registrants' (such as Jane Doe) access to housing. Many landlords and home owner associations disallow anyone on the public registry to live on their properties and in their neighborhoods.

156.   Due to the false allegation that an individual who is subject to online publication and community notification is per se dangerous, many landlords or home owner associations will not rent or otherwise allow such individuals to rent or purchase homes. .

157.   Regardless of any risk actually posed by someone who was once convicted of a sexual offense, once it is publicized (through community notification or online publication) that someone on the registry lives at a specific address, it can drastically impact the property values of nearby properties.

158.   Due to the false allegation that an individual subject to online publication and communication poses some threat to the community, employment and business opportunities for Plaintiffs will be severely and negatively affected. Being publicly (and falsely) labeled as "dangerous" by the State of Arizona reduces the amount of clientele and business opportunities available, and prevents registrants from applying to and being offered employment as the public and employers will be wary of seeking services, products from or employing an individual stigmatized as dangerous or risky.

**Causes of Action**

**CLAIM I**
**S.B. 1404 –Due Process**
**(Plaintiffs I, II, and III)**

Level One Community Notification Amendment

159.   Plaintiffs reallege and reincorporate, as though fully set forth herein, each allegation contained above.

26

160.    By state action, Plaintiffs have been placed on the Arizona sex offender registry and are currently under threat of arrest and prosecution for violating any provision of A.R.S. §§ 13-3821 and 13-3822.

161.    Placement on the Arizona sex offender registry significantly alters registrants' legal status and implicates protected liberty interests to include rights of privacy, rights to family and home, freedom of movement and liberty, the right to work and reside where one chooses, and right to physical safety and integrity, and protection from harm by private as well as public actors.

162.    The Level One Community Notification Amendment significantly increases the above burdens posed by A.R.S. §§ 13-3821, 13-3822, and 13-3825.

163.    The Level One Community Notification Amendment subjects registrants to permanent, unwarranted governmental interference and presents affirmative disabilities to the rights of privacy, family and home, freedom of movement and liberty, and right to physical safety and integrity.

164.    Plaintiffs have no opportunity under current Arizona law or in the Amendment for hearing or review on whether it is proper to subject registrants to the Level One Community Notification Amendment.

165.    Lifetime subjection to the Level One Community Notification Amendment is not reasonably related to any legitimate purpose of A.R.S. §§ 13-3821, 13-3822, and 13-3825.

166.    Lifetime subjection to the Level One Community Notification Amendment does not have a close relationship with the purported goal of the Amendment and the means chosen to advance it.

167.    Lifetime subjection to the Level One Community Notification Amendment is not the least restrictive means possible to advance the purposed goal of the Amendment.

168.    The Level One Community Notification Amendment violates Plaintiffs' Fourteenth Amendment right to substantive and procedural Due Process.

169.    The Level One Community Notification Amendment violates Plaintiffs' right to substantive and procedural Due Process under Article 2, § 4 of the Arizona State Constitution.

170.    This Claim is a facial and as applied challenge that the Amendments violate the constitutional rights of Plaintiffs and similarly situated registrants.

## CLAIM II
### S.B. 1404 –Due Process
### (Plaintiff III)

Registration of Minor Children Information Amendment

171.    Plaintiffs reallege and reincorporate, as though fully set forth herein, each allegation contained above.

172.    By State action, Plaintiff, who has a minor child, has been placed on the Arizona sex offender registry and is under threat of arrest and prosecution for violating any provision of A.R.S. §§ 13-3821 and 13-3822.

173.    Placement on the Arizona sex offender registry significantly alters registrants' legal status and implicates protected liberty interests to include rights of privacy, rights to family and home, freedom of movement and liberty, the right to work and reside where one chooses, and right to physical safety and integrity, and protection from harm by private as well as public actors.

174.   The Registration of Minor Children Information Amendment, individually and collectively with the Community Notification Law, significantly increases the burdens posed by A.R.S. §§ 13-3821, 13-3822, and 13-3825.

175.   The Registration of Minor Children Information Amendment subjects registrants to permanent, unwarranted governmental interference and presents affirmative disabilities to the rights of privacy, family and home, freedom of movement and liberty, and right to physical safety and integrity.

176.   Plaintiff has no opportunity under current Arizona law or in the Amendment for hearing or review on whether it is proper to subject registrants to the Registration of Minor Children Information Amendment.

177.   Lifetime subjection to the Registration of Minor Children Information Amendment is not reasonably related to any legitimate purpose of A.R.S. §§ 13-3821, 13-3822, and 13-3825.

178.   Lifetime subjection to the Registration of Minor Children Information Amendment does not have a close relationship with the purported goal of the Amendment and the means chosen to advance it.

179.   Lifetime subjection to the Registration of Minor Children Information Amendment is not the least restrictive means possible to advance the purposed goal of the Amendment.

180.   The Registration of Minor Children Information Amendment contains no punishment for improper dissemination of information by the school, administration staff, or teachers regarding a parent's registration status to other parents or students.

181.    The Registration of Minor Children Information Amendment violates Plaintiff's Fourteenth Amendment right to substantive and procedural Due Process.

182.    The Registration of Minor Children Information Amendment violates Plaintiffs' right to substantive and procedural Due Process under Article 2, § 4 of the Arizona State Constitution.

183.    This Claim is a facial and as applied challenge that the Amendments violate the constitutional rights of Plaintiff and similarly situated registrants.

### CLAIM III
### S.B. 1404 –Due Process
### (Plaintiff IV)

Registration of Minor Children Information Amendment

184.    Plaintiffs reallege and reincorporate, as though fully set forth herein, each allegation contained above.

185.    The Registration of Minor Children Information Amendment violates Plaintiff's right to privacy.

186.    Plaintiff has a legitimate expectation of privacy in their personal information such as their name, address, custodial status, name of their school, and "enrollment status" information at that school.

187.    Plaintiff has not been convicted of a crime and has not been placed on the Arizona sex offender registry, which might warrant any interference by the government.

188.    The Registration of Minor Children Information Amendment, individually and collectively with the Community Notification Law, allows by state action the compelled disclosure of private information of Plaintiff, a minor, to the Maricopa County Sheriff's

Office (name, address, parent's custodial status, school, and enrollment status) and to the administration of their school (parent's custodial status).

189. Mandating disclosure of Plaintiff's private information is an unreasonable and highly offensive intrusion upon the solitude and seclusion of a minor by unreasonable publicity given to the private and personal life of Plaintiff to the Maricopa County Sheriff's Office and the administration of their school.

190. No compelling law enforcement or public interest exists that would permit the disclosure of Plaintiff's private information to the Maricopa County Sheriff's Office and the administration of their school.

191. If a compelling interest could be identified, mandating the public disclosure of private information of Plaintiff, the Registration of Minor Information Amendment is not the least intrusive manner to address the compelling interest.

192. The Registration of Minor Children Information Amendment contains no punishment for improper dissemination of information by the school, administration staff, or teachers regarding a parent's registration status to other parents or students.

193. The Registration of Minor Children Information Amendment violates Plaintiff's Fourteenth Amendment right to substantive and procedural Due Process.

194. The Registration of Minor Children Information Amendment violates Plaintiffs' right to substantive and procedural Due Process under Article 2, § 4 of the Arizona State Constitution.

195. This Claim is a facial and as applied challenge that the Amendments violate the constitutional rights of Plaintiff and similarly situated minors.

**CLAIM IV**
**S.B. 1236 – Due Process**
**(Plaintiffs I, II, and III)**

Level One Online Publication Amendment

196.    Plaintiffs named above reallege and reincorporate, as though fully set forth herein, each allegation contained above.

197.    By State action, Plaintiffs have been placed on the Arizona sex offender registry and are under threat of arrest and prosecution for violating any provision of A.R.S. §§ 13-3821 and 13-3822.

198.    Placement on the Arizona sex offender registry significantly alters Plaintiffs' legal status and implicates protected liberty interests of Plaintiffs and other registrants to include rights of privacy, rights to family and home, freedom of movement and liberty, the right to work and reside where one chooses, and right to physical safety and integrity, and protection from harm by private as well as public actors.

199.    The Level One Online Publication Amendment significantly increases the burdens posed by A.R.S. §§ 13-3821, 13-3822, and 13-3827.

200.    The Level One Online Publication Amendment subjects Plaintiffs to permanent, unwarranted governmental interference and presents affirmative disabilities to the rights of privacy, family and home, freedom of movement and liberty, and right to physical safety and integrity.

201.    Plaintiffs have had no opportunity under current Arizona law or in the Amendment for hearing or review on whether it is proper to subject registrants to the Level One Online Publication Amendment.

202.    Lifetime subjection the Level One Publication Amendment is not reasonably related to any legitimate purpose of A.R.S.  §§ 13-3821, 13-3822, and 13-3825, or any other provision.

203.    Lifetime subjection the Level One Publication Amendment does not have a close relationship with the purported goal of the Amendment and the means chosen to advance it.

204.    Lifetime subjection to the Level One Publication Amendment is not the least restrictive means possible to advance the purposed goal of the amendments.

205.    The Level One Community Notification Amendment violates Plaintiffs' Fourteenth Amendment right to substantive and procedural Due Process.

206.    The Level One Community Notification Amendment violates Plaintiffs' right to substantive and procedural Due Process under Article 2, § 4 of the Arizona State Constitution.

207.    This Claim is a facial and as applied challenge that the Amendments violate the constitutional rights of Plaintiffs and similarly situated registrants.

**<u>CLAIM V</u>**
**A.R.S. § 13-3825(C)(1) –Due Process, Unconstitutionally Vague**
**(Plaintiffs I, II, and III)**

Community Notification Law
"Appropriate Community Groups" and "Prospective Employers"

208.    Plaintiffs reallege and reincorporate, as though fully set forth herein, each allegation contained above.

209.    The Community Notification Law terms "appropriate community groups" and "prospective employers" are unconstitutionally vague.

33

210. These terms fail to permit persons of ordinary intelligence from knowing what the Community Notification Law requires.

211. This failure allows and encourages arbitrary and discriminatory enforcement of the Community Notification Law.

212. The Community Notification Law provision does not define the terms "appropriate community groups" and "prospective employers."

213. A person of ordinary intelligence cannot be reasonably expected to know if a community group is "appropriate" or inappropriate and if an employer is "prospective" or not.

214. Registrants subject to community notification are prevented from knowing what community groups and employers meet the "appropriate" and "prospective" requirements and have receipt of their information via notification.

215. The Community Notification Law provision also does not outline any process on how a community group or employer is determined to be "appropriate" or "prospective."

216. The law fails to establish minimal guidelines to govern law enforcement in the selection of "appropriate" community groups and "prospective" employers.

217. The vagueness of these terms within the Community Notification Law results in a standardless sweep for the Arizona Department of Public Safety to unilaterally decide which groups and employers are "appropriate" and "prospective" to receive community notifications.

218. The Community Notification Law violates Plaintiffs' Fourteenth Amendment right to substantive and procedural Due Process.

219.    The Community Notification Law violates Plaintiffs' right to substantive and procedural Due Process under Article 2, § 4 of the Arizona State Constitution.

220.    This Claim is a facial and as applied challenge that the Amendments violate the constitutional rights of Plaintiffs and similarly situated registrants.

## CLAIM VI
### S.B. 1404 –Due Process, Unconstitutionally Vague
### (Plaintiff III)

Registration of Minor Children Information Amendment – "Enrollment Status"

221.    Plaintiffs reallege and reincorporate, as though fully set forth herein, each allegation contained above.

222.    The Registration of Minor Children Information Amendment term "enrollment status" is unconstitutionally vague.

223.    The term fails to permit persons of ordinary intelligence from knowing what the Registration of Minor Children Information Amendment requires.

224.    This failure allows and encourages arbitrary and discriminatory enforcement of the Registration of Minor Children Information Amendment.

225.    The Registration of Minor Children Information Amendment does not define the terms "enrollment status."

226.    A person of ordinary intelligence cannot be reasonably expected to know what information is considered "enrollment status" information.

227.    Registrants subject to the Registration of Minor Information Law provisions are prevented from knowing what and how much information is required in order to successfully complete registration of "enrollment status" of their minor custodial children.

35

228.    The Registration of Minor Information Law does not outline any comprehensive checklist of what "enrollment status" information is required in order for an offender to successfully complete registration.

229.    The law fails to establish minimal guidelines to govern law enforcement in the extent and breadth of "enrollment status" information to be collected from registrants.

230.    The vagueness of this term within the Registration of Minor Information law results in a standardless sweep for the Maricopa County Sheriff's Office and other Sheriffs' offices to unilaterally decide the "enrollment status" to be collected and how much of this information is required for an offender to be successfully registered.

231.    The Registration of Minor Information Amendment violates Plaintiffs' Fourteenth Amendment right to substantive and procedural Due Process.

232.    The Registration of Minor Information Amendment violates Plaintiffs' right to substantive and procedural Due Process under Article 2, § 4 of the Arizona State Constitution.

233.    This Claim is a facial and as applied challenge that the Amendments violate the constitutional rights of Plaintiffs and similarly situated registrants.

## CLAIM VII
### S.B. 1404 & S.B. 1236 –Equal Protection Clause
### (Plaintiffs I, II, and III)

Level One Community Notification and Level One Online Publication Amendments

234.    Plaintiffs named above reallege and reincorporate, as though fully set forth herein, each allegation contained above.

235.   The Amendments apply to Level One (low-risk) offenders convicted of DCAC offenses.

236.   Under the Amendments, Level One (low-risk) offenders who have committed a DCAC offense are subject to online publication and community notification while Level One (low-risk) offenders who have not committed a DCAC offense are not subject to online publication and community notification.

237.   The Amendments create two classifications of persons (1) low-risk offenders who have committed a DCAC offense and are subject to online publication and community notification, and (2) low-risk offenders who have not committed a DCAC offense and are not subject to online publication and community notification.

238.   Every person each of these groups is required to register under Arizona's sex offender registration law.

239.   There is no meaningful distinction between these two groups with regard to the risk posed to either the community or to minors.

240.   These two classifications of people are similarly situated to each other.

241.   There is no reasonable basis for the State to draw these classifications.

242.   As a result of the Amendments, registrants will face additional punishment and potential loss of employment and/or housing that will entrap registrants in cycles of stigmatization and poverty that can be nearly impossible to escape solely because sex offender registration and publication of their offenses can never be terminated.

243.   The Amendments are the result of Defendants' consistent increased strict legislation against sexual offenders without legislative findings or empirical evidence that

extending community notification or online publication to include Level One, low risk offenders with a DCAC offense would increase public safety.

244.  Defendants have continuously and will continue to enforce practices and procedures due to the Amendments that result in deprivations of equal protection.

245.  These Amendments will impede the ability of registrants convicted of Level One offenders convicted of DCAC offenses to live peacefully by subjecting them to harsh stigmatization through online publication and community notification despite individual assessments they are at a low risk to re-offend.

246.  The Amendments do not promote equal treatment between all individuals who are required to register as a sexual offender, and treat sexual offenders convicted under A.R.S. § 13-705 more harshly, despite any determination that the individual offender is at a low risk of re-offense.

247.  The Level One Community Notification and Online Publication Amendments is in violation of the Equal Protection Clause of the Fourteenth Amendment.

248.  The Level One Community Notification and Online Publication Amendments is in violation of the Equal Privileges Clause of Article 2, § 13 of the Arizona State Constitution.

249.  This Claim is a facial and as applied challenge that the Amendments violate the Fourteenth Amendment rights of Plaintiffs and similarly situated registrants.

**CLAIM VIII**
**S.B. 1404 & S.B. 1236 –Compelled Speech**
**(Plaintiffs I, II, and III)**

Level One Community Notification & Level One Online Publication Amendments

250. Plaintiffs reallege and reincorporate, as though fully set forth herein, each allegation contained above.

251. The First Amendment to the United States Constitution, and Article 2, § 6 of the Arizona State Constitution, guarantee both the right to speak freely and the right not to be speak and be free from government compulsion of speech.

252. Public labeling of a registrant as a sex offender has constitutional implications as to compelled speech.

253. Such labeling implicates strict scrutiny, and the State must have a compelling interest and adopt the least-restrictive means to achieve that interest in order to enforce such a content-based regulation.

254. Generally, Arizona has allowed community notification and online publication only for offenders who actually pose some risk of harm to the community.

255. Arizona's SORA statutes regarding registration, community notification, and online publication rest squarely on narrowly tailoring of the law to make only information regarding an offender public if they are at a *heightened risk* of reoffending.

256. The Level One Community Notification and Online Publication Amendments infringe on an individual's right to be free from compelled, government speech.

257. Plaintiffs and other registrants are required by the state of Arizona and the Sheriff of the county in which they live to provide their information for dissemination during in-person registration.

258. A community notification is a non-electronic document which contains the registration status of a sex offender along with the information of their address, status

summary, criminal background, and current photograph that is disseminated to a registrant's community.

259.    Online publication on the Arizona sex offender website results in a registrant's profile being available for view on the internet containing their name, aliases, physical description, address, status summary, offenses, other known addresses, and photograph.

260.    As the community notification and online publication contain the Plaintiffs, and other registrants' information, this speech can be readily associated with the Plaintiffs and registrants.

261.    The compelled, government speech fosters the inaccurate label of the registrant being a dangerous sex offender that has a risk of reoffending.

262.    The Level One Community Notification and Online Publication Amendments infringe on Plaintiffs and other registrants' right to refuse to provide private, personal information to the sheriff of the county in which they live.

263.    The Level One Community Notification and Online Publication Amendments also infringe on Plaintiffs and other registrants' right to refuse to foster a government brand disseminated to their community, by the State of Arizona and the Maricopa County's Sheriff's Office, that they find objectionable.

264.    Compelled speech must satisfy strict scrutiny as a content-based regulation.

265.    The Amendments are not narrowly tailored to achieve any compelling interest that the State of Arizona purports to achieve by enforcing the statute, as the Amendments extend community notification and online publication to low risk, or no risk, registrants.

266.    The Level One Community Notification and Online Publication Amendments are in violation of the First Amendment proscription against compelled speech.

267.    The Level One Community Notification and Online Publication Amendments are in violation of Article 2, § 6 of the Arizona's State Constitution's proscription against compelled speech.

268.    This Claim is a facial and as applied challenge that the Amendments violate the constitutional rights of Plaintiffs and similarly situated registrants.…

**CLAIM IX**
**S.B. 1404 & A.R.S. § 13-3825(C)(1) –Compelled Speech**
**(Plaintiff III)**

Registration of Minor Children Information and Level One Community Notification Amendments

269.    Plaintiff realleges and reincorporates, as though fully set forth herein, each allegation contained above.

270.    The Registration of Minor Children Information and Level One Community Notification Amendments infringe on an individual's right to be free from compelled, government speech.

271.    Plaintiff and other registrants are compelled by the State of Arizona and the Sheriff of the county in which they live to provide their information for dissemination during in-person registration.

272.    The Registration of Minor Children Information and Level One Community Notification Amendments require Level One registrants convicted of a DCAC offense to register information regarding their minor children, including the child's name, school,

and enrollment status. By the nature of registration, the Maricopa County Sheriff's Office will also have access to the minor child's custodial status and address.

273.    Failure to provide a minor child's personal information to law enforcement is usually a Class 4 felony.

274.    As a result of the compelled speech to the Maricopa County's Sheriff's Office, dissemination of the registrant's community notification information will be disseminated to their minor child's school.

275.    This compelled speech can be readily associated with the Plaintiff and other registrants who are compelled to provide the speech in person to the Sheriff of the county in which they register.

276.    The compelled speech is speech to which the Plaintiff objects as it forces registrants to provide private information regarding their minor children and reveal facts regarding custody of their minor child.

277.    The Registration of Minor Children Information and Level One Community Notification Amendments infringes on Plaintiff's and other registrants' right to refuse speech that they find objectionable, or risk being charged with a Class 4 felony and face time incarcerated.

278.    S.B. 1404 compels an individual to provide information to the government.

279.    S.B. 1404 infringes on the First Amendment right to be free from compelled speech.

280.    S.B. 1404 is a content-based compulsion of speech.

281.    S.B. 1404 is subject to strict scrutiny review.

282.    S.B. 1404 is not narrowly tailored to achieve any compelling government interest.

283.    The Amendments are largely unnecessary due to the Department of Safety already notifying schools in the area of a registered sex offender without singling out the children of sex offenders at their school through compelled speech.

284.    The Registration of Minor Children Information and Level One Community Notification Amendments are in violation of the First Amendment proscription against compelled speech.

285.    The Registration of Minor Children Information and Level One Community Notification Amendments are in violation of Article 2, § 6 of the Arizona's State Constitution's proscription against compelled speech.

286.    This Claim is a facial and as applied challenge that the Amendments violate the constitutional rights of Plaintiff and similarly situated registrants.

## CLAIM X
### S.B. 1404 & A.R.S. § 13-3825(C)(1) –Minor's Right to Privacy
### (Plaintiff IV)

Registration of Minor Children Information and Level One Community Notification Amendments

287.    Plaintiff realleges and reincorporates, as though fully set forth herein, each allegation contained above.

288.    The Registration of Minor Children Information and Level One Community Notification Amendments infringe on a minor's right to privacy.

289.    The Registration of Minor Children Information and Level One Community Notification Amendments require Level One registrants convicted of a DCAC offense to register information regarding their minor children, including the child's name, school,

and enrollment status. By the nature of registration, the Maricopa County Sheriff's Office will also have access to the minor child's custodial status and address.

290.    As a result of the compelled speech to the Maricopa County's Sheriff's Office, dissemination of the registrant's community notification information will be disseminated to Minor Doe's school.

291.    The Registration of Minor Children Information and Level One Community Notification Amendments are in violation of Article 2, § 8 of the Arizona's State Constitution's right to privacy.

292.    This Claim is a facial and as applied challenge that the Amendments violate the constitutional rights of Plaintiff and similarly situated minors.

<u>**CLAIM XI**</u>
**S.B. 1404 & S.B. 1236 – Cruel and Unusual Punishment**
**(All Plaintiffs)**

<u>Registration of Minor Children Information, Level One Community Notification, and Level One Online Publication Amendments</u>

293.    Plaintiffs reallege and reincorporate, as though fully set forth herein, each allegation contained above.

294.    The Registration of Minor Children Information, Level One Community Notification, and Online Publication Amendments constitute punishment within the meaning of the Eighth Amendment of the United States Constitution.

295.    The Registration of Minor Children Information, Level One Community Notification, and Online Publication Amendments constitute punishment within the meaning of Article 2, § 15 of the Arizona State Constitution.

296.    The history and development of the Registration, Community Notification, and Online Publication Amendments evidence an intent to punish.

297.    Registration as a sex offender has traditionally been viewed as punitive in Arizona.

298.    Registration imposes an affirmative disability and restraint on registrants as they must provide the personal registry information, certify its accuracy at specified intervals, and update it regarding any changes is under threat of prosecution for failing to do so.

299.    Community Notification and Online Publication impose an affirmative disability and restraint on registrants affecting the rights of privacy, family and home, freedom of movement and liberty, and right to physical safety and integrity as notifying the community of registrant's status as a sex offender often results in harassment, job loss, forced residential moves, and vigilantism.

300.    The Registration of Minor Children Information increases the affirmative disabilities and restraints on registrants as custodial and legal decision-making rights are at higher risk of given the danger to the minor child in their private information published to the Maricopa County Sheriff's Office and school administration.

301.    The Registration of Minor Children Information additionally enhances the stigma imposed on the minor children of sex offenders and can make them the target of bullying and/or harassment.

302.    The Registration, Community Notification, and Online Publication Amendments do not serve a legitimate, non-punitive government purpose.

303.    To the extent that the Amendments do serve any purpose, it is solely the traditional deterrent function of punishment.

304.    The Registration, Community Notification, and Online Publication Amendments are excessive in relation to any non-punitive purpose.

305.    The Registration, Community Notification, and Online Publication Amendments are in violation of the Eighth Amendment proscription against cruel and unusual punishment.

306.    The Registration, Community Notification, and Online Publication Amendments are in violation of Article 2, § 15 of the Arizona State Constitution's proscription against cruel and unusual punishment.

307.    This Claim is a facial and as applied challenge that the Amendments violate the constitutional rights of Plaintiffs and similarly situated registrants.

<u>**CLAIM XII**</u>
**S.B. 1404 & S.B. 1236 –Ex Post Facto**
**(Plaintiffs I, II, and III)**

<u>Registration of Minor Children Information, Level One Community Notification, and Level One Online Publication Amendments</u>

308.    Plaintiffs reallege and reincorporate, as though fully set forth herein, each allegation contained above.

309.    At the time the Plaintiffs were charged and convicted of their crimes of conviction, community notification was only applicable to Level Two (moderate risk) and Level Three (high risk) sexual offenders. Subsequently, community notification will extend to Level One sexual offenders who have been convicted of an offense classified as DCAC. <u>See</u> S.B. 1404 at A.R.S. § 13-3825(C)(1).

310.    At the time Plaintiffs were charged and convicted of their crimes of conviction registration did not require registration of any information regarding a registrant's minor

children. <u>See</u> A.R.S. §§ 13-3821(I) and 13-3822(E). Subsequently, all registrants with custodial minor children will be required to register the name, school, and enrollment status of their child if subject to community notification. <u>See</u> S.B. 1404 at §§ 13-3821(I)(5) and 13-3822(E).

311.    At the time Plaintiffs were charged and convicted of their crimes of conviction, online publication requirements were only applicable to Level Two (moderate risk) and Level Three (high risk) sexual offenders. Subsequently, absent injunctive relief, publication on the Arizona sex offender website will extend to Level One sex offenders who have convicted of a DCAC offense. <u>See</u> S.B. 1236 at A.R.S. § 13-3827(A)(2).

312.    These amendments changed the punishment for Plaintiffs' crimes of conviction and inflict a greater punishment than the law annexed to the crime when committed.

313.    As applied to Plaintiffs, these increased requirements violate the Ex Post Facto Clause of the United States Constitution. U.S. Const. art. I, § 10.

314.    As applied to Plaintiffs, these increased requirements violate the Ex Post Facto Clause of the Arizona State Constitution. Ariz. Const. Art. 2, § 25.

## **APPLICABLE TO ALL CLAIMS**

315.    The Amendments are not narrowly tailored to achieve any compelling interest that the State of Arizona purports to achieve by enforcing the statute.

316.    The Amendments are not substantially related to achieving any important government objective that the State of Arizona purports to achieve by enforcing the statute.

317.    The Amendments are not the least restrictive means of achieving any legitimate interest that the State of Arizona purports to achieve by enforcing the statute.

318.    There is no reasonable, rational link between the Amendments the interest of the State since the Amendments are an arbitrary, politically motivated act imposed by a state government in response to popular sentiments, based upon misinformation, which imposes undeserved and unjustifiable harm upon a socially outcast minority.

**WHEREFORE,** Plaintiffs pray the Court:

1)    For a temporary, preliminary, and permanent injunction barring Defendants, their agents, employees, and all persons acting in concert, directly or indirectly, or in agency with Defendants, from enforcing Level One Community Notification, Level One Online Publication, and Registration of Minor Children Information Amendments as amended by S.B. 1404 and S.B. 1236;

2)    For a declaratory judgment that the Level One Community Notification, Level One Online Publication Amendments, and Registration of Minor Children Information Amendments as amended by SB 1404 and SB 1236, are unconstitutional on their face and as applied to Plaintiffs;

3)    For an award of attorney's fees, expenses, and costs pursuant to 42 U.S.C. § 1988 and any other applicable provision of law; and

4)    Any and all such other relief the Court deems appropriate.

DATED this 29th day of August, 2024.

…

…

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**DUMOND LAW FIRM, PLLC**

By: ___*/s/ Samantha DuMond*_____

Samantha K. DuMond, Esq.
Attorney for Plaintiffs
340 East Palm Lane, Suite A100
Phoenix, AZ 85004
Phone: (602) 803-4975
Facsimile: (602) 680-3330
Samantha@DuMondLawAZ.com

**HERALD PRICE FAHRINGER, PLLC**
**d/b/a/ FAHRINGER & DUBNO**

Erica T. Dubno, Esq. No. 037310
43 West 43rd Street, Suite 261
New York, NY 10036
Telephone: (212) 319-5351
Facsimile: (212) 319-6657
Erica.Dubno@fahringerlaw.com
Attorney for Plaintiffs