**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jane Doe, et al., | No. CV-24-02259-PHX-MTL |
| Plaintiffs, | **ORDER** |
| v. | |
| Kris Mayes, et al., | |
| Defendants. | |

Before the Court is the Motion for Leave to Intervene (Doc. 130) filed by prospective intervenor Arizonans for Rational Sex Offense Laws ("AZRSOL"). AZRSOL seeks intervention as a matter of right and permissive intervention under Federal Rules of Civil Procedure 24. (Doc. 130 at 1). Defendant Attorney General Mayes opposes the Motion.[1] (Doc. 133).

**I.**

Intervention as a matter of right is permitted under Rule 24(a)(2) of the Federal Rules of Civil Procedure. A four-part test determines when intervention as a matter of right is appropriate:

> (1) the motion must be timely; (2) the [prospective intervenor] must claim a "significantly protectable" interest relating to the property or transaction which is the subject of the action; (3) the [prospective intervenor] must be so situated that the disposition of the action may as a practical matter impair or

---

[1] Attorney General Mayes argues intervention is inappropriate because AZRSOL does not have associational standing and has identical interests to the existing plaintiffs. (Doc. 133 at 1.) Because the Court agrees the existing parties adequately represent AZRSOL's interests, it declines to address the Attorney General's standing argument.

> impede its ability to protect that interest; and (4) the [prospective intervenor's] interest must be inadequately represented by the parties to the action.

*Wilderness Soc'y v. U.S. Forrest Serv.*, 630 F.3d 1173, 1177 (9th Cir. 2011). The prospective intervenor bears the burden of showing each of these requirements are satisfied. *United States v. Alisal Water Corp.*, 370 F.3d 915, 919 (9th Cir. 2004). In assessing the prospective intervenor's arguments, the court is "guided primarily by practical and equitable considerations." *Callahan v. Brookdale Senior Living Communities, Inc.*, 42 F.4th 1013, 1020 (9th Cir. 2022).

At issue here is the fourth *Wilderness Society* element. Three factors help decide whether an existing party "adequately represents the interests of a prospective intervenor." *Id.* Those factors are:

> (1) whether the interest of a present party is such that it will undoubtedly make all of a [prospective] intervenor's arguments; (2) whether the present party is capable and willing to make such arguments; and (3) whether a [prospective] intervenor would offer any necessary elements to the proceeding that other parties would neglect.

*Id.* (quoting *Arakaki v. Cayetano*, 324 F.3d 1078, 1086 (9th Cir. 2003)). When a prospective intervenor's interest is identical to an existing party, a compelling showing is required to demonstrate inadequate representation. *See id.* at 1020-21.

Attached to AZRSOL's motion to intervene is its proposed Complaint in Intervention (Doc. 130-2). That pleading essentially realleges the thirteen causes of action already asserted by Plaintiffs. (*Compare* Doc. 82, *with* Doc. 130-2.) AZRSOL concedes this point in its briefing. (*See* Doc. 142 at 12-11.) But it argues intervention is still appropriate because the Court will benefit from its statewide viewpoint and extensive experience concerning the issues at stake. (*See id.*)

AZRSOL's argument misses the mark. The fourth *Wilderness Society* element looks at the outcome being sought by the existing plaintiffs. *See League of United Am. Citizens v. Wilson*, 131 F.3d 1297, 1305 (9th Cir. 1997) ("Where an applicant for intervention and an existing party have the same ultimate objective, a presumption of adequacy of

representation arises.").[2] Relevant experience or different viewpoints do not factor into the analysis. Because AZRSOL seeks a finding Senate Bills 1236 and 1404 are unconstitutional, (Doc. 130-2 at 20), and because that same outcome is already being litigated by Plaintiffs, (*see* Doc. 82 at 54), AZRSOL has an identical interest to Plaintiffs. *See Callahan*, 42 F.4th at 1020-21. Intervention is only warranted if AZRSOL can demonstrate a compelling showing under the fourth *Wilderness Society* element. *See id.*

As previously discussed, AZRSOL argues intervention is appropriate based on its viewpoint and extensive experience. (*See* Doc. 142 at 12-11.) This does not satisfy the requirement for a compelling showing. Additionally, the Court notes the voluminous record for the preliminary injunction proceedings show that Plaintiffs will undoubtedly make all AZRSOL's proposed arguments, do so willingly, and will not neglect necessary elements of the proceedings. *See Callahan*, 42 F.4th at 1020. For these reasons, the Court finds that AZRSOL has not demonstrated its interests are inadequately represented by Plaintiffs.

## II.

AZRSOL alternatively moves for permissive intervention. Under Federal Rule of Civil Procedure 24(b), the Court may grant permissive intervention under the following circumstances:

> (1) In General. On timely motion, the court may permit anyone to intervene who: (A) is given a conditional right to intervene by a federal statute; or (B) has a claim or defense that shares with the main action a common question of law or fact.

"Thus, 'a court may grant permissive intervention where the applicant for intervention shows (1) independent grounds for jurisdiction; (2) the motion is timely; and (3) the applicant's claim or defense, and the main action, have a question of law or a

---

[2] Although the United States Supreme Court's opinion in *Berger v. North Carolina Conference of the NAACP*, 597 U.S. 179 (2022), calls into questions whether a presumption of adequacy is appropriate under Rule 24(a)(2), it does not disrupt the identical identity rule or caselaw showing that the fourth *Wilderness Society* element looks at the outcome being sought by the existing plaintiffs. *See Callahan*, 42 F.4th at 1021 n.5.

- 3 -

question of fact in common.'" *United States v. City of Los Angeles*, 288 F.3d 391, 403 (9th Cir. 2002) (quoting *Northwest Forest Res. Council v. Glickman*, 82 F.3d 825, 839 (9th Cir. 1996)).

The court exercises broad discretion to determine whether a prospective intervenor shares an interest in the litigation. *Perry v. Schwarzenegger*, 630 F.3d 898, 905-06 (9th Cir. 2011). In evaluating the prospective intervenor's asserted interest, the Court should consider:

> [T]he nature and extent of the intervenors' interest, their standing to raise relevant legal issues, the legal position they seek to advance, and its probable relation to the merits of the case[,] whether changes have occurred in the litigation so that intervention that was once denied should be reexamined, whether the intervenors' interests are adequately represented by other parties, whether intervention will prolong or unduly delay the litigation, and whether parties seeking intervention will significantly contribute to full development of the underlying factual issues in the suit and to the just and equitable adjudication of the legal questions presented.

*Id.* at 905 (quoting *Spangler v. Pasadena Bd. of Educ.*, 552 F.2d 1326, 1329 (9th Cir. 1977)); *see also* Fed. R. Civ. P. 24(b)(3) (stating the court "must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights").

The Court has already found that AZRSOL's interests and legal arguments duplicate those advanced by Plaintiffs. Its interests, moreover, are adequately represented by Plaintiffs. Including AZRSOL will not assist in the full development of factual issues, as those issues will be adequately developed by Plaintiffs during the discovery process.[3]

Plaintiffs and their counsel have already proven to be knowledgeable, experienced, and diligent in litigating the constitutional claims asserted here. For example, Plaintiffs and their counsel have drafted a complex, multi-count complaint challenging the constitutionality of state legislation. They skillfully litigated a preliminary injunction motion and evidentiary hearing. And Plaintiffs briefed an interlocutory appeal.

---

[3] The record is already quite voluminous, containing over 150 docket entries.

As to undue delay and prejudice, the Court finds that this factor weighs heavily in favor of Defendants. This case involves claims against numerous public entities at the state and county level. Expanding Plaintiffs' side of the litigation will multiply discovery activity and slow this matter's timely resolution requiring duplicative—and perhaps wasteful—expenditure of public funds and other resources.

The Court is mindful of prospective intervenor's desire to be heard on the underlying issues. Accordingly, the Court will grant AZRSOL leave to file an *amicus curiae* brief at the summary judgment stage. To avoid duplicating arguments that Plaintiffs may assert, the *amicus* brief is due 14 days after Plaintiffs' file their motion for summary judgment. Defendants may respond to the *amicus* brief within 14 days after it is filed.

**IT IS THEREFORE ORDERED** that the Motion for Leave to Intervene (Doc. 130) is **DENIED**.

**IT IS FURTHER ORDERED** that Arizonans for Rational Sex Offense Laws is granted leave to file an *amicus curiae* brief during the summary judgment stage of ligation.

1. The brief must be filed no later than 14 days after Plaintiffs' file their motion for summary judgment. Defendants may respond to the *amicus* brief within 14 days after it is filed. No reply is permitted.

2. Briefs must conform with LRCiv 7.1 and must not exceed 17 pages in length.

Dated this 13th day of March, 2025.

*Michael T. Liburdi*
Michael T. Liburdi
United States District Judge