GEORGE E. SILVA
SANTA CRUZ COUNTY ATTORNEY

Robert F. May (State Bar No. 033107)
Bureau Chief – Civil Division
Santa Cruz County Attorney's Office
2150 North Congress Drive, Suite 201
Nogales, Arizona   85621
Tel: (520) 375-7780; Fax: (520) 375-7710
Rmay@santacruzcountyaz.gov

*Attorneys for Santa Cruz County Defendant*

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jane Doe, et al.,<br><br>        Plaintiffs,<br><br>vs.<br><br>  Kris Mayes, et al.,<br>        Defendants. | No. 2:24-CV-02259-PHX-MTL<br><br>**SANTA CRUZ COUNTY DEFENDANT'S ANSWER** |

Defendant Santa Cruz County Sheriff David Hathaway, in his official capacity, (hereinafter, "Santa Cruz County Defendant")) answer Plaintiffs' First Amended Complaint (Doc. 82), as subsequently modified by the Court's July 7, 2025 Order (Doc. 161), as follows.

## SANTA CRUZ COUNTY DEFENDANTS' PREFATORY STATEMENT

The Santa Cruz County Defendant, overall, adopts and incorporates by reference the Arizona Attorney General's arguments in her Response in Opposition to Plaintiffs' Motion for Preliminary Injunction (Doc. 86) and Response to Amicus Curiae Brief of American Civil Liberties Union of Arizona in Support of Plaintiffs Motion for a Preliminary Injunction

(Doc. 129).  Santa Cruz County Defendant, otherwise, Answers Plaintiffs' First Amended Complaint with the following.

Arizona has long held it an important interest to protect the young and more vulnerable persons in this State.  Arizona has adopted long standing federal protective legislation, such as the Child Abuse Prevention and Treatment of Children's Act (CAPTA)(42 U.S.C. §§5101, *et seq*), as well as, Adoptions and Safe Families Act (ASFA)(Public Law 105-89).  Arizona's amendments to its Dangerous Crime Against Children (DCAC) is consistent with its history.  Plaintiffs make no claim to support interrupting that history or changing that direction.

Plaintiffs allege they are victims of the system and may have a lifetime of registration requirements, but seem to discount the effects of their actions on the victims of their actions.  Depending on the sex offender, a child victim of sexual abuse may have a lifetime of crossing paths with the offender.[1]  As well as a civil regulatory safeguard for the public, registration requirements are more equitable consequences; not punishment.

"Low risk" is not "no risk."  Plaintiffs admit to convictions as sex offenders against children.  Nowhere do the Plaintiffs claim they were denied due process in their criminal cases.  Their attempt to, now, negate and eliminate their conviction history and presumptive risk to children is without merit.

While the Santa Cruz County Defendant, like any county sheriff, will carry out the registration laws as approved by the Arizona Legislature, Governor, and Courts, a county

---

[1] Perpetrators more likely than not know the victims.  Sexual Abuse | Crimes against Children Research Center

1

sheriff does maintain an interest in the safety and well being of the children within its county. The Plaintiffs' arguments and relief sought are far reaching and potentially go well beyond a few convicted sex offenders in Maricopa County.

## SANTA CRUZ COUNTY DEFENDANT'S GENERAL DENIAL

Every allegation in the Complaint that is not specifically admitted in this Answer is denied.

## DEFENDANT'S ANSWER TO PLAINTIFFS' COMPLAINT

Santa Cruz County Defendant answers Plaintiffs' First Amended Complaint as follows:

The Santa Cruz County Defendant will answer the First Amended Complaint by respective paragraph number, noting that numbering of 146 through 182, under Sections E. THE CHALLENGED AMENDMENTS AND STATUTORY PROVISIONS through Section H. THE AMENDMENTS ARE PUNITIVE AND NOT NARROWLY TAILORED TO PROMOTE PUBLIC SAFETY, is restarted at 146 under Section I. EFFECTS OF REGISTRATION:

## Jurisdiction and Venue

1.     Allegation in Paragraph 1 raises questions as to jurisdiction over the Santa Cruz County Defendant Sheriff.  The Santa Cruz County Defendant is a non-jural entity. (*Braillard v. Maricopa County*, 2010 WL 2134148 (Ariz. App.Div.2); *Payne v. Arpaio*, 2009 WL 3756679 (D.Ariz.))  Plaintiffs seek to enjoin the Santa Cruz County Sheriff from

enforcing law established through a proper legislative process and signed by the Governor. Santa Cruz County Defendant admits only that a governmental entity may be subject to jurisdiction pursuant to 42 U.S.C. 1983, but denies that Defendant's actions are unconstitutional. Santa Cruz County Defendant affirmatively states it enforces properly enacted laws until such laws are amended, abrogated or deemed unconstitutional. Santa Cruz County Defendant, otherwise, lacks sufficient information and knowledge to form a belief about the truth of the allegation and denies the allegation in Paragraph 1.

2.     The Santa Cruz County Defendant admits this Court has jurisdiction over any civil action authorized by law. The Santa Cruz County Defendant, otherwise, lacks sufficient knowledge and information to form a belief as to any remaining allegations in Paragraph 2 and denies the same.

3.     Santa Cruz County Defendant admits the cited statutes and Federal Rules of Civil Procedure provide for declaratory and injunctive relief in limited situations. Santa Cruz County Defendant, otherwise, lacks sufficient information and knowledge to form a belief about the truth of the allegation, and denies any remaining allegation.in Paragraph 3.

4.     Santa Cruz County Defendant admits he resides in Arizona. Upon information and belief, venue is proper in the District of Arizona under 28 U.S.C. §1391(b)(2). Santa Cruz County Defendant, otherwise, lacks sufficient information and knowledge to form a belief about the truth of the allegation and denies any remaining allegations.in Paragraph 4.

**Parties**

A. **Plaintiffs**

   a. **Jane Doe [a.k.a., "Plaintiff I"]**

As to Paragraphs 5 through 22, the Santa Cruz County Defendant lacks sufficient information and knowledge to form a belief as to the truth about the allegations.  Therefore, the Santa Cruz County Defendant denies the allegations in Paragraphs 5 through 22, as well as, any inferences and conclusions within the allegations, in Paragraphs 5 through 22.

**b.  John Doe I [a.k.a., "Plaintiff II"]**

As to Paragraphs 23 through 38, the Santa Cruz County Defendant lacks sufficient information and knowledge to form a belief as to the truth about the allegations.  Therefore, the Santa Cruz County Defendant denies the allegations in Paragraphs 23 through 38, as well as, any inferences and conclusions within the allegations, in Paragraphs 23 through 38.

**c.  John Doe II [a.k.a., "Plaintiff III"]**

As to Paragraphs 39 through 55, the Santa Cruz County Defendant lacks sufficient information and knowledge to form a belief as to the truth about the allegations.  Therefore, the Santa Cruz County Defendant denies the allegations in Paragraphs 39 through 55, as well as, any inferences and conclusions within the allegations, in Paragraphs 39 through 55.

**d.  Minor Doe [a.k.a., "Plaintiff IV"]**

As to Paragraphs 56 through 62, the Santa Cruz County Defendant lacks sufficient information and knowledge to form a belief as to the truth about the allegations.  Therefore, the Santa Cruz County Defendant denies the allegations in Paragraphs 56 through 62, as well as, any inferences and conclusions within the allegations, in Paragraphs 56 through 62.

**B.  Defendants**

63.    Kris Mayes, in her capacity as the Attorney General of the State of Arizona,

has been dismissed as a party by Motion and the Court's Order, dated July 7, 2025.  (Doc. 161).

64.     The Santa Cruz County Defendant admits that Colonel Jeffrey Glover is the Director of the Arizona Department of Public Safety ("DPS") and he is being sued in his official capacity.  The Santa Cruz County Defendant denies that there is a statute, A.R.S. §13-2827.  The Santa Cruz County Defendant does note and admit that, under A.R.S. §13-3827, the statute states, "The department of public safety shall establish and maintain an internet sex offender website for the purpose of providing sex offender information to the public."  The allegations, inferences, and conclusions in Paragraph 64, otherwise, are legal conclusions without sufficient basis.  To the extent any remaining allegations do require a response, the Santa Cruz County Defendant lacks sufficient information and knowledge to form a belief as to the truth of the allegation and denies those allegations, inferences, and conclusions.

65.     The Santa Cruz County Defendant admits that Russ Skinner was the Maricopa County Sheriff at the time that the First Amended Complaint was filed and that he was sued in his official capacity.  The Santa Cruz County Defendant states that Jerry Sheridan is the current Sheriff for Maricopa County. The Santa Cruz County Defendant further affirmatively states that, in order for someone to sue one of Arizona's counties, they must be able to articulate an injury caused by the county or otherwise be able to state why the county is a necessary party.

66.     The Santa Cruz County Defendant admits that Joe Dedman is the Apache County Sheriff and that he is sued in his official capacity.

67.     The Santa Cruz County Defendant admits that Mark Dannels is the Cochise County Sheriff and that he is sued in his official capacity.

68.     The Santa Cruz County Defendant admits that Jim Driscoll was the Coconino County Sheriff at the time that the First Amended Complaint was filed and that he was sued in his official capacity.  The Santa Cruz County Defendant states that Bret Axlund is the current Sheriff for Coconino County.

69.     The Santa Cruz County Defendant admits that Adam Shepherd is the Gila County Sheriff and that he is sued in his official capacity.

70.     The Santa Cruz County Defendant admits that Preston Allred is the Graham County Sheriff and that he is sued in his official capacity.

71.     The Santa Cruz County Defendant admits that Tim Sumner was the Greenlee County Sheriff at the time that the First Amended Complaint was filed and that he was sued in his official capacity.  The Santa Cruz County Defendant states that Eric Ellison is the current Sheriff for Greenlee County..

72.     The Santa Cruz County Defendant admits that William Ponce is the La Paz County Sheriff and that he is sued in his official capacity.

73.     The Santa Cruz County Defendant admits that Doug Schuster is the Mohave County Sheriff and that he is sued in his official capacity..

74.     The Santa Cruz County Defendant admits that David Clouse is the Navajo County Sheriff and that he is sued in his official capacity..

75.     The Santa Cruz County Defendant admits that Chris Nanos is the Pima County Sheriff and that he is sued in his official capacity.

76.     The Santa Cruz County Defendant admits that Mark Lamb was the Pinal County Sheriff at the time that the First Amended Complaint was filed and that he was sued in his official capacity.  The Santa Cruz County Defendant states that Ross Teeple is the current Sheriff for Pinal County.

77.     The Santa Cruz County Defendant admits that David Hathaway is the Santa Cruz County Sheriff and that he is sued in his official capacity.

78.     The Santa Cruz County Defendant admits that David Rhodes is the Yavapai County Sheriff and that he is sued in his official capacity.

79.     The Santa Cruz County Defendant admits that Leon Wilmot is the Yuma County Sheriff and that he is sued in his official capacity.

80.     The Santa Cruz County Defendant admits the quoted statement is within the statute.  The allegation, otherwise, makes a legal conclusion, which lacks further basis.  The Santa Cruz County Defendant admits he has a statutory duty to arrest those persons who have violated public offenses and, if charges are approved, bring those persons before a proper judicial officer. The Santa Cruz County Defendant lacks sufficient information and knowledge to form a belief as to the truth of any remaining allegation, inferences, or conclusions and denies the same.

81.     The allegation makes a legal conclusion.  The plain meaning of the cited statutes should be controlling.  The Santa Cruz County Defendant admits he collects information pursuant to statutory guidelines.  To the extent any further response is necessary, the Santa Cruz County Defendant lacks sufficient information and knowledge to form a belief as to the truth of any remaining allegation, inferences, or conclusions and denies the

same.

82.    The Santa Cruz County Defendant admits it collects information and assists with public notification, within the limits of valid statutory duties.

83.    Paragraph 83 is a legal conclusion, which does not require a response. To the extent any further response is necessary, the Santa Cruz County Defendant lacks sufficient information and knowledge to form a belief as to the truth of any remaining allegation, inferences, or conclusions and denies the same, demanding strict proof, thereof.

84.    The Santa Cruz County Defendant admits it enforces valid laws, within the limits of its statutory duties.

85.    Paragraph 85 is a legal conclusion without any stated basis.  The Santa Cruz County Defendant lacks sufficient information and knowledge to form a belief as to the truth of the allegation, inferences, or conclusions and denies the same.

86.    Paragraph 86 is a legal conclusion without a stated basis.  The Santa Cruz County Defendant lacks sufficient information and knowledge to form a belief as to the truth of any allegation, inferences, or conclusions and denies the same.

87.    Paragraph 87 is a legal conclusion without a stated basis.  The Santa Cruz County Defendant admits it enforces valid laws, within the limits of its statutory duties.  The Santa Cruz County Defendant lacks sufficient information and knowledge to form a belief as to the truth of any remaining allegation, inferences, or conclusions and denies the same.

88.    The Santa Cruz County Defendant admits that SB1404 and SB1236 have passed legislative process and have been signed into law by the Governor.[2]  The Santa Cruz

---

[2] SB1404 was signed into law by the Governor on March 29, 2024.  SB1236 was signed into law by the Governor on April 16, 2024.  Both well before Plaintiffs' initial Complaint, filed August

County Defendant admits that legislative bills passed and signed into law amend Arizona statutes, which apply statewide.  Paragraph 88 is, otherwise, speculative.  To the extent any further response is necessary, the Santa Cruz County Defendant lacks sufficient information and knowledge to form a belief as to the truth of any remaining allegation, inferences, or conclusions and denies the same.

89.    The Santa Cruz County Defendant admits the cited statute directs those who are required to register to do so, if they move to other counties.  The Santa Cruz County Defendant defers to the plain meaning of the statute.  To the extent any further response is necessary, the Santa Cruz County Defendant lacks sufficient information and knowledge to form a belief as to the truth of any remaining allegation, inferences, or conclusions and denies the same.

90.    The Santa Cruz County Defendant defers to the plain meaning of the cited statute.  The Santa Cruz County Defendant admits the quoted statement is within the statute.  The Santa Cruz County Defendant admits he complies with valid statutory directions.  To the extent any further response is necessary, the Santa Cruz County Defendant lacks sufficient information and knowledge to form a belief as to the truth of any remaining allegation, inferences, or conclusions and denies the same.

91.    The Santa Cruz County Defendant defers to the plain meaning of the cited statute.  The Santa Cruz County Defendant admits the quoted statement is within the statute.  The Santa Cruz County Defendant admits he complies with valid statutory directions.  To the extent any further response is necessary, the Santa Cruz County Defendant lacks

_____

29, 2024.

sufficient information and knowledge to form a belief as to the truth of any remaining allegation, inferences, or conclusions and denies the same.

92.    The Santa Cruz County Defendant lacks sufficient information and knowledge to form a belief as to the truth of the allegation and denies the same.

**Statement of Facts**

**A. DANGEROUS CRIMES AGAINST CHILDREN OFFENSES**

93.    Santa Cruz County Defendant admits the quoted text is within the cited statute.  The Santa Cruz County Defendant defers to the plain meaning of the cited statute. The Santa Cruz County Defendant lacks sufficient information and knowledge to form a belief as to the truth of any remaining allegation, inferences, comments, opinions, or conclusions and denies the same.

94.    The Santa Cruz County Defendant admits the quoted text is within the cited statute.

95.    The Santa Cruz County Defendant admits that Arizona prosecutes those individuals who have committed crimes against children.  Other allegations in Paragraph 95 are opinions without any supportive facts.  The Santa Cruz County Defendant lacks sufficient information and knowledge to form a belief as to the truth of the allegations, inferences, or conclusions and denies the same.

96.    The allegations in Paragraph 96 are opinions and lack any supportive facts. The Santa Cruz County Defendant lacks sufficient information and knowledge to form a belief as to the truth of the allegations, inferences, or conclusions and denies the same.  The

issue, including relevance, of "dangerous" has otherwise been addressed by the Court in its July 7, 2025 Order.  (Order, pg. 8, lines 20-21).

97.    The allegations in Paragraph 97 are opinions and lack any supportive facts. The issue, including relevance, of "dangerous" has otherwise been addressed by the Court in its July 7, 2025 Order.  (*Id.*)  The Santa Cruz County Defendant lacks sufficient information and knowledge to form a belief as to the truth of the allegations, inferences, or conclusions and denies the same.

98.    The allegations in Paragraph 94 are opinions and lack any supportive facts. The Santa Cruz County Defendant lacks sufficient information and knowledge to form a belief as to the truth of the allegations, inferences, or conclusions and denies the same.

99.    The allegations in Paragraph 99 are legal conclusions and opinions, which lack any supportive facts.  The Santa Cruz County Defendant lacks sufficient information and knowledge to form a belief as to the truth of the allegations, inferences, or conclusions and denies the same.

## B.  ARIZONA SEX OFFENDER REGISTRATION

100.    The Santa Cruz County Defendant admits that a convicted sex offender must register as a registered sex offender.

101.    The Santa Cruz County Defendant admits that a person required to register must do so for ten (10) years following release from incarceration.  (A.R.S. 13-3821(M)). The Santa Cruz County Defendant admits that "a person who has a prior conviction or adjudication of guilty except insane for an offense for which registration is required" must

register for life. (*Id.*). The Santa Cruz County Defendant, otherwise, lacks sufficient information and knowledge to form a belief as to the truth of the allegation in Paragraph 101 and denies the same.

102. The Santa Cruz County Defendant admits a risk assessment may be required, depending on pre-conditions detailed in A.R.S. 13-3825.

103. The Santa Cruz County Defendant admits that, based on the scoring from the previously referenced assessment tool, a convicted sex offender is assigned a level of risk to re-offend.

104. The Santa Cruz County Defendant admits that the scoring on the assessment tool that results in a Level One suggests the lowest risk of re-offense, amongst the three (3) levels. The Santa Cruz County Defendant states that the assessment tool is based on self report and available object record information. The Santa Cruz County Defendant, otherwise, lacks sufficient information and knowledge to form a belief as to the truth of inferences in the allegation in Paragraph 104 and denies the same.

105. The term, "violent offense," is not defined and open to interpretation. The Santa Cruz County Defendant lacks sufficient information and knowledge to form a belief as to the truth of the allegation in Paragraph 105 and denies the same.

106. The term, "medium risk of reoffending," is not defined and open to interpretation. The Santa Cruz County Defendant lacks sufficient information and knowledge to form a belief as to the truth of the allegation in Paragraph 106 and denies the same.

107. The Santa Cruz County Defendant admits that all three Levels of offenders

are "potential threats to public safety." The Santa Cruz County Defendant also admits that a scoring of the assessment tool that results in a Level 3 assessment suggests the highest risk of reoffending. The Santa Cruz County Defendant, otherwise, lacks sufficient information and knowledge to form a belief as to the truth of the inferences in the allegation in Paragraph 107 and denies the same.

108.    The Santa Cruz County Defendant admits that those persons required to register must provide personal identifying information as directed by statute.

109.    The Santa Cruz County Defendant admits that persons required to register must update information as prescribed by statute.

110.    The Santa Cruz County Defendant admits that the cited statute directs publication of specific information on the "internet sex offender website" for those persons "convicted or adjudicated guilty except insane sex offender in this state who is required to register pursuant to section 13-3821."

111.    The Santa Cruz County Defendant admits, pursuant to A.R.S. 13-3827(D), "The department of public safety shall maintain a separate database and search function on the website that contains any required online identifier of sex offenders whose risk assessments have been determined to be a level two or level three and the name of any website or internet communication service where the required online identifier is being used. This information shall not be publicly connected to the name, address and photograph of a registered sex offender on the website."

112.    The Santa Cruz County Defendant does not maintain the referenced "public registry" and, therefore, lacks sufficient information and knowledge to form a belief as to

the truth of the allegation in Paragraph 112 and denies the same.

## HISTORY OF ARIZONA SORA'S INCREASING BURDENS

In responding to Paragraphs 113 through 116 of Plaintiffs' First Amended Complaint, the Santa Cruz County Defendant adopts and incorporates by reference the legislative history on the relevant sex offender registration, as well as, this Court's findings in its Order, filed 11/22/2024 (Doc. No. 132).

117.    Paragraph 117 is an opinion and argument without supporting facts.  The Santa Cruz County Defendant lacks sufficient information and knowledge to form a belief as to the truth of the allegation in Paragraph 117 and denies the same.

118.    Paragraph 118 is an opinion and argument without supporting facts.  The Santa Cruz County Defendant lacks sufficient information and knowledge to form a belief as to the truth of the allegation in Paragraph 118 and denies the same.

119.    Paragraph 119 is an opinion without supporting facts.  The Santa Cruz County Defendant lacks sufficient information and knowledge to form a belief as to the truth of the allegation in Paragraph 119 and denies the same.

120.    The Santa Cruz County Defendant lacks sufficient information and knowledge to form a belief as to the truth of the allegation in Paragraph 120 and denies the same.

In responding to Paragraphs 121 through 124, the Santa Cruz County Defendant adopts and incorporates by reference the Legislative History for the referenced statutes.  The Santa Cruz County Defendant affirmatively notes that, assuming the Plaintiffs' allegations in Paragraphs 121 through 124 are accurate, the Plaintiffs allegations admit that amendments

are likely and the legislative process may allow the most likely recourse for the Plaintiffs.

## C. ONLINE PUBLICATION OF SEX OFFENDER INFORMATION AND COMMUNITY NOTIFICATION PRIOR TO THE CHALLENGED AMENDMENTS

125.    The Santa Cruz County Defendant, again, admits that sex offenders must provide personal identifying information, as further detailed by statute.

126.    The Santa Cruz County Defendant admits that sex offenders' information may be published and notifications may be made, as directed by statute.

127.    The term, "risk to the public," in Paragraph 127 is not defined.    The allegations form an opinion without supporting facts.    The Santa Cruz County Defendant lacks sufficient information and knowledge to form a belief as to the truth of that allegation and denies the same.    The Santa Cruz County Defendant affirmatively states that a Level One individual is a convicted sex offender and have "traditionally" been subject to some form of registration.    The Santa Cruz County Defendant admits that convicted sex offenders' information is maintained by sheriffs' offices, as directed by statute.    The Santa Cruz County Defendant admits such information may be provided to other law enforcement agencies, in accordance with statutory guidelines.

128.    The Santa Cruz County Defendant admits that community notification is made, consistent with A.R.S. 13-3825.

129.    The Santa Cruz County Defendant lacks sufficient information and knowledge to form a belief as to the truth of the allegation in Paragraph 129 and denies the

same.

130.    Paragraph 130 states an opinion without supporting facts.  The Santa Cruz County Defendant lacks sufficient information and knowledge to form a belief as to the truth of the allegation in Paragraph 130 and denies the same.

131.    Paragraph 131 states an opinion without supporting facts.  The Santa Cruz County Defendant lacks sufficient information and knowledge to form a belief as to the truth of the allegation in Paragraph 131 and denies the same.

## D. ADDITIONAL RESTRICTIONS IMPOSED AGAINST REGISTERED SEX OFFENDERS, INCLUDING PLAINTIFFS

132.    Paragraph 132 states an opinion without supporting facts.  The Santa Cruz County Defendant lacks sufficient information and knowledge to form a belief as to the truth of the allegation in Paragraph 132 and denies the same.

133.    The Santa Cruz County Defendant lacks sufficient information and knowledge to form a belief as to the truth of the allegation in Paragraph 133.

134.    The Santa Cruz County Defendant admits that sex offense specific treatment is required of sex offenders.

135.    The Santa Cruz County Defendant admits that A.R.S. 13-3821 provides directives for registration of offenders

136.    The Santa Cruz County Defendant lacks sufficient information and knowledge to form a belief as to the truth of the allegation in Paragraph 136.

137.    The Santa Cruz County Defendant lacks sufficient information and

knowledge to form a belief as to the truth of the allegation in Paragraph 133.

138.    The Santa Cruz County Defendant admits that sex offender compliance is monitored.

139.    The Santa Cruz County Defendant adopts and incorporates by reference the Defendant's, Col. Glover, response to this allegation.

140.    The Santa Cruz County Defendant admits.

141.    The Santa Cruz County Defendant admits that A.R.S. §13-3824 establishes consequences for a person subject to registration under Article 3 within Chapter 38 of Title 13 of the Arizona Revised Statutes who fails to comply with the requirements of Article 3, which such consequence is that the person is guilty of a class 4 felony. (A.R.S. §13-3824(A)). The Santa Cruz County Defendant defers to the plain meaning of the text within the statute and requirements under Article.    The Santa Cruz County Defendant, otherwise, lacks sufficient knowledge or information to form a belief as to the allegations and opinion in Paragraph 141.

142.    The Santa Cruz County Defendant admits.

143.    The Santa Cruz County Defendant lacks sufficient knowledge or information to form a belief as to the allegations and opinion in Paragraph 143.

144.    The Santa Cruz County Defendant admits that the Supreme Court of Arizona has concluded that misdemeanor offenses with sexual motivation is a serious crime.  The *Fushek* court explains, "In light of these factors, we conclude that the potential of sex offender registration reflects a legislative determination that Fushek has been charged with serious crimes. As the Supreme Court noted in *Blanton,* "[t]he judiciary

should not substitute its judgment as to seriousness for that of a legislature, which is far better equipped to perform the task.'" 489 U.S. at 541–42, 109 S.Ct. 1289 (quoting *Landry v. Hoepfner,* 840 F.2d 1201, 1209 (5th Cir.1988)) (internal quotation marks omitted). (*Fushek v. State*, 218 Ariz. 285, 292–93, 183 P.3d 536, 543–44 (2008)).  The *Fushek* court, further, found the defendant was entitled to a trial by jury.  (*Id.*)

## E.  THE CHALLENGED AMENDMENTS AND STATUTORY PROVISIONS

### a.  S.B. 1404 (Community Notification)

145.    The Santa Cruz County Defendant admits the alleged facts in Paragraph 145.

146.    The Santa Cruz County Defendant defers to the plain meaning of the terms within the referenced S.B. 1404 and affected statutes.  Santa Cruz County Defendant, otherwise, lacks sufficient knowledge or information to form a belief as to the allegations and opinion in Paragraph 146 and denies the same.

147.    The Santa Cruz County Defendant admits.

148.    The Santa Cruz County Defendant admits.

149.    The Santa Cruz County Defendant lacks sufficient knowledge or information to form a belief as to the allegations and opinion in Paragraph 149 and denies the same.

### b.  S.B. 1236 (Website)

150.    The Santa Cruz County Defendant admits the facts in Paragraph 150.

151.    The Santa Cruz County Defendant defers to the plain meaning of the terms within the referenced S.B. 1236 and affected statutes.  Santa Cruz County Defendant, otherwise, lacks sufficient knowledge or information to form a belief as to the allegations

and opinion in Paragraph 151 and denies the same.

152.    The Santa Cruz County Defendant lacks sufficient knowledge or information to form a belief as to the allegations and opinion in Paragraph 152 and denies the same.

### c.  A.R.S. 13-3825(C)(1) (Dissemination of Information)

153.    The Santa Cruz County Defendant admits the quoted text is within the statute.

154.    The Santa Cruz County Defendant lacks sufficient knowledge or information to form a belief as to the allegations and opinion in Paragraph 154.

155.    To the extent Paragraph 155 is an index of relevant statutes, the Santa Cruz County Defendant admits.  The Santa Cruz County Defendant defers to the plain meaning of the texts within the specified statutes.  To the extent the Paragraph 155 includes opinions, inferences, or other allegations, Santa Cruz County Defendant lacks sufficient knowledge or information to form a belief as to the allegations in Paragraph 155 and denies the same.

### F.  THE GOVERNOR PREVIOUSLY REJECTED A NEARLY IDENTICAL BILL

156.    The Santa Cruz County Defendant lacks sufficient knowledge or information to form a belief as to the allegations and opinion in Paragraph 156 and, therefore, denies the same.

157.    The Santa Cruz County Defendant lacks sufficient knowledge or information to form a belief as to the allegations and opinion in Paragraph 157 and, therefore, denies the same.

158.    The Santa Cruz County Defendant lacks sufficient knowledge or information

to form a belief as to the allegations and opinion in Paragraph 158 and, therefore, denies the same.

159.    The Santa Cruz County Defendant lacks sufficient knowledge or information to form a belief as to the allegations and opinion in Paragraph 159 and, therefore, denies the same.

160.    The Santa Cruz County Defendant lacks sufficient knowledge or information to form a belief as to the allegations and opinion in Paragraph 160 and, therefore, denies the same.

161.    The Santa Cruz County Defendant lacks sufficient knowledge or information to form a belief as to the allegations and opinion in Paragraph 161 and, therefore, denies the same.

**G. SORA STATUES IMPACT CONSTITUTIONAL RIGHTS**

162.    The Santa Cruz County Defendant lacks sufficient knowledge or information to form a belief as to the allegations and opinion in Paragraph 162 and, therefore, denies the same.

163.    The Santa Cruz County Defendant lacks sufficient knowledge or information to form a belief as to the allegations and opinion in Paragraph 163 and, therefore, denies the same.

164.    The Santa Cruz County Defendant lacks sufficient knowledge or information to form a belief as to the allegations and opinion in Paragraph 164 and, therefore, denies the same.

165.    The Santa Cruz County Defendant affirmatively states that it monitors

approximately twenty (20) Level One assessed sexual offenders.  Upon information and belief, those individuals, as well as the other convicted sex offenders who have to register, have not voiced opposition to or complained about the registration requirements, before and after the amendments to the statutes.  The Santa Cruz County Defendant, otherwise, lacks sufficient knowledge or information to form a belief as to the allegations and opinion in Paragraph 165 and, therefore, denies the same.

## H. THE AMENDMENTS ARE PUNITIVE AND NOT NARROWLY TAILORED TO PROMOTE PUBLIC SAFETY

Paragraphs 166 through 182 are opinions with questionable support.  The Santa Cruz County Defendant defers to the Legislative History for accurate accounting of the Amendments' background.  To the extent a response is needed, the Santa Cruz County Defendant lacks sufficient information and knowledge to form a belief as to the truth of the allegations.

## I.  EFFECTS OF REGISTRATION

As previously noted, paragraph numbering restarts at 146 through 164.  These paragraphs and section are opinions without sufficient factual support.  To the extent a response is required, the Santa Cruz County Defendant lacks sufficient information and knowledge to form a belief as to the truth of these allegations and section and, therefore, denies the allegations to the extent a response can be made.

**Causes of Action**

**CLAIMS I-VII**

**CLAIMS [a.k.a., "COUNTS"] I through VII were dismissed by Motion and the Court's Order, dated July 7, 2025.  (Doc. 161)**

**CLAIM VIII**
**S.B. 1404 & A.R.S. 13-3825(C)(1) – Compelled Speech**
**(Plaintiff III)**

266.    The Santa Cruz County Defendant realleges and incorporate by reference each of their preceding admissions, denials, and affirmative statements as if fully set forth herein..

267.    The Santa Cruz County Defendant lacks sufficient information to form a belief as to the allegations in this Paragraph as they relate to the Santa Cruz County Sheriff and therefore deny it.

268.    The Santa Cruz County Defendant admits that convicted sex offenders must register according to, and as directed by, the Arizona Revised Statutes and other relevant law. The Santa Cruz County Defendant, otherwise, lacks sufficient information to form a belief as to the allegations in this Paragraph as they relate to the Santa Cruz County Sheriff and therefore deny it.  Santa Cruz County Defendant affirmatively states that, specifically as to Plaintiff III, Plaintiff III has not alleged any facts that indicate Plaintiff III resides or intends to reside in Santa Cruz County.

269.    The Santa Cruz County Defendant admits the allegations in Paragraph 269, as to registration of limited minor children information and Level One Community

Notification Amendments requiring Level One registrants convicted of a DCAC offense to register minimal information regarding a minor child for which they have legal custody.[3] The Santa Cruz County Defendant, otherwise, lacks sufficient information to form a belief that such information is protected "speech" and therefore denies this portion of the allegation.

270.    The Santa Cruz County Defendant denies the required information about the child [name and custodial status] will be provided, if the sex offender parent does not reside in the county or the child is not registered in a school.  The Santa Cruz County Defendant admits that, based on the limited information that may be reported, a sheriff's office may be provided a minor child's custodial status and name, which such information may also be available through court records, such as family court or criminal court documents, and readily provided by a custodial [and even non-custodial] parent for the protection of his/her child.  The Santa Cruz County Defendant, otherwise, lacks sufficient information to form a belief as to the custodial status and child's address, since it will vary with a situation, and therefore denies this allegation.

271.    The Santa Cruz County Defendant lacks sufficient information to form a belief as to this allegation and therefore denies the allegation.

272.    The Santa Cruz County Defendant defers to the plain meaning of the text within A.R.S. §13-3825(C).  The Santa Cruz County Defendant admits that, for a Level One offender who has been convicted of a dangerous crime against children, a community

_____

[3] The prerequisites are that the registrant is a convicted sex offender who has legal custody of a [minor] child and the child is enrolled in a school.  (Senate Engrossed SB1404, pg. 3, lines 35-36).  Information to be provided is limited to child's name and enrollment status, who is "enrolled in school."  (*id.*).

notification is disseminated in a non-electric format.  The Santa Cruz County Defendant, otherwise, lacks sufficient information to form a belief as to this allegation and therefore denies the allegation.

273.    The Santa Cruz County Defendant lacks sufficient information to form a belief as to this allegation and therefore denies the allegation.

274.    The Santa Cruz County Defendant lacks sufficient information to form a belief as to this allegation and therefore denies the allegation.

275.    The Santa Cruz County Defendant lacks sufficient information to form a belief as to this allegation and therefore denies the allegation.

276.    The Santa Cruz County Defendant lacks sufficient information to form a belief as to this allegation and therefore denies the allegation.

277.    The Santa Cruz County Defendant lacks sufficient information to form a belief as to this allegation and therefore denies the allegation.

278.    The Santa Cruz County Defendant lacks sufficient information to form a belief as to this allegation and therefore denies the allegation.

279.    The Santa Cruz County Defendant lacks sufficient information to form a belief as to this allegation and therefore denies the allegation.

280.    The Santa Cruz County Defendant lacks sufficient information to form a belief as to this allegation and therefore denies the allegation.

281.    The Santa Cruz County Defendant lacks sufficient information to form a belief as to this allegation and therefore denies the allegation.

282.    The Santa Cruz County Defendant lacks sufficient information to form a

belief as to this allegation and therefore denies the allegation.

283.    The Santa Cruz County Defendant lacks sufficient information to form a belief as to this allegation and therefore denies the allegation.

284.    The Santa Cruz County Defendant lacks sufficient information to form a belief as to this allegation and therefore denies the allegation.


## CLAIM IX

**CLAIM [a.k.a., "COUNT"] IX was dismissed by Motion and the Court's Order, dated July 7, 2025.  (Doc. 161)**


## CLAIM X
### S.B. 1404 & S.B. 1236 – Cruel and Unusual Punishment
### (All Plaintiffs)

295.    The Santa Cruz County Defendant realleges and incorporate by reference each of their preceding admissions, denials, and affirmative statements as if fully set forth herein.

296.    The Santa Cruz County Defendant lacks sufficient information to form a belief as to this allegation and therefore denies the allegation.  The Santa Cruz County Defendant does note that the relevant punishment, under the Eighth Amendment is "cruel and unusual punishment," which is defined as, "Punishment that is torturous, degrading, inhuman, grossly disproportionate to the crime in question, or otherwise shocking to the moral sense of the community."  (Black's Law Dictionary, 12th ed. 2024) (see also, *Smith v. Doe*, 538 U.S. 84 (2003) and *State v. Trujillo*, 248 Ariz. 473 (2020) (Sex Offender

Registration not historically punitive.).

297.    The Santa Cruz County Defendant lacks sufficient information to form a belief as to this allegation and therefore denies the allegation.

298.    The Santa Cruz County Defendant lacks sufficient information to form a belief as to this allegation and therefore denies the allegation.

299.    The Santa Cruz County Defendant lacks sufficient information to form a belief as to this allegation and therefore denies the allegation.

300.    The Santa Cruz County Defendant lacks sufficient information to form a belief as to this allegation and therefore denies the allegation.

301.    The Santa Cruz County Defendant lacks sufficient information to form a belief as to this allegation and therefore denies the allegation.

302.    The Santa Cruz County Defendant lacks sufficient information to form a belief as to this allegation and therefore denies the allegation.

303.    The Santa Cruz County Defendant lacks sufficient information to form a belief as to this allegation and therefore denies the allegation.

304.    The Santa Cruz County Defendant lacks sufficient information to form a belief as to this allegation and therefore denies the allegation.

305.    The Santa Cruz County Defendant lacks sufficient information to form a belief as to this allegation and therefore denies the allegation.

306.    The Santa Cruz County Defendant lacks sufficient information to form a belief as to this allegation and therefore denies the allegation.

307.    The Santa Cruz County Defendant lacks sufficient information to form a

belief as to this allegation and therefore denies the allegation.

308.    The Santa Cruz County Defendant lacks sufficient information to form a belief as to this allegation and therefore denies the allegation.

309.    The Santa Cruz County Defendant lacks sufficient information to form a belief as to this allegation and therefore denies the allegation.

**AS NOTED IN OTHER PLEADINGS, THERE IS NO CLAIM XI**

**CLAIM XII**
**S.B. 1404 & S.B. 1236 – Ex Post Facto**
**(Plaintiffs I, II, and III)**

310.    The Santa Cruz County Defendant realleges and incorporate by reference each of their preceding admissions, denials, and affirmative statements as if fully set forth herein..

311.    Santa Cruz County Defendant admits that Section 2(A) of S.B. 1236 includes the referenced statements.  Beyond that the Santa Cruz County Defendant lacks information to form a belief as to any other allegation in Par. 311 and denies the same.

312.    Santa Cruz County Defendant admits that Section 2(B) of S.B. 1236 includes the referenced statements.  Beyond that the Santa Cruz County Defendant lacks information to form a belief as to any other allegation in Par. 312 and denies the same.

313.    Santa Cruz County Defendant admits that S.B. 1404 includes the referenced statements.  Beyond that the Santa Cruz County Defendant lacks information to form a belief as to any other allegation in Par. 313 and denies the same.

314.    The Santa Cruz County Defendant lacks sufficient information to form a belief as to this allegation and therefore denies the allegation.

315.    The Santa Cruz County Defendant lacks sufficient information to form a belief as to this allegation and therefore denies the allegation.

316.    The Santa Cruz County Defendant lacks sufficient information to form a belief as to this allegation and therefore denies the allegation.

317.    The Santa Cruz County Defendant lacks sufficient information to form a belief as to this allegation and therefore denies the allegation.

318.    The Santa Cruz County Defendant lacks sufficient information to form a belief as to this allegation and therefore denies the allegation.

319.    The Santa Cruz County Defendant lacks sufficient information to form a belief as to this allegation and therefore denies the allegation.

## CLAIM XIII

**CLAIM [a.k.a., "COUNT"] XIII was dismissed by Motion and the Court's Order, dated July 7, 2025.  (Doc. 161)**

## (PLAINTIFFS') PRAYER FOR RELIEF

The Santa Cruz County Defendant denies that Plaintiffs are entitled to any of their requested relief.

**AFFIRMATIVE DEFENSES**

The Santa Cruz County Defendant joins, adopts and incorporates by reference Defendant's, Colonel Jeffrey Glover, Director of the Arizona Department of Public Safety, Affirmative Defenses.   The Santa Cruz County Defendant further adds the following Affirmative Defenses:

1.     The Santa Cruz County Defendant is a non-jural entity and incapable of being sued.   (*Braillard v. Maricopa County*, 2010 WL 2134148 (Ariz. App.Div.2); *Payne v. Arpaio*, 2009 WL 3756679 (D.Ariz.)).

2.     Plaintiffs fail to state a claim upon which relief can be granted.

3.     Qualified immunity.  (*Clement v. City of Glendale*, 518 F.3d 1090, 1096 (9th Cir. 2008)(Government officials shielded from liability where conduct does not violate statutory or constitutional rights that a reasonable person would have known.)

4.     Minor Plaintiff lacks standing.

5.     Adult Plaintiffs lack standing and Article III Case and Controversy requirements, as to the Santa Cruz County Defendant.

6.     Santa Cruz County is not a proper defendant to this action and must be dismissed.  Plaintiffs are unable to sue for injunctive relief absent the likelihood of future harm from the Santa Cruz County Sheriff.  (*Lyons v. City of Los Angeles*, 615 F.2d 1243, 1246 (9th Cir. 1980)).

7.     The Santa Cruz County Defendant reserves the right to assert additional affirmative defenses as additional facts are discovered.

## SANTA CRUZ COUNTY DEFENDANT'S PRAYER FOR RELIEF

The Santa Cruz County Defendant joins, adopts, and incorporates by reference Defendant's, Colonel Jeffrey Glover, Director of the Arizona Department of Public Safety, prayer for relief and further adds as follows.

A.     That the Court dismiss Plaintiffs' Complaint;

B.     That judgment be entered in favor of the Santa Cruz County Defendant and against Plaintiffs on Plaintiffs' First Amended Complaint;

C.     That the Santa Cruz County Defendant be awarded their reasonable fees and costs under any applicable statute, rule, or equitable doctrine; and

D.     For any and all other and further relief as the Court deems appropriate.

RESPECTFULLY SUBMITTED this 11th day of August, 2025.

GEORGE E. SILVA
SANTA CRUZ COUNTY ATTORNEY

 /s/Robert F. May
Robert F. May, Esq.
Bureau Chief – Civil Division
Santa Cruz County Attorney's Office

## CERTIFICATE OF SERVICE

I hereby certify that on this 11th day of August, 2025, I electronically filed the foregoing with the Clerk of the Court for the United States District Court for the District of Arizona using the CM/ECF filing system.  Counsel for all prior Defendants, as well as, Plaintiffs, who have appeared and are registered CM/ECF users will be served by the

CM/ECF system pursuant to the notice of electronic filing, with courtesy copies emailed as follows:

Honorable Michael T. Liburdi
District Court Judge
Liburdi_chambers@azd.uscourts.gov

Samantha K. DuMond, Esq.
DUMOND LAW FIRM, PLLC
340 East Palm Lane, Suite A100
Phoenix, AZ 85004
Samantha@DuMondLawAZ.com

Erica T. Dubno, Esq.
HARALD PRICE FAHRINGER, PLLC
d/b/a FAHRINGER & DUBNO
43 West 43rd Street, Suite 261
New York, NY 10036
Erica.Dubno@fahringerlaw.com

*Attorneys for Plaintiffs*

*/s/ RFM*