**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jane Doe, et al., | No. CV-24-02259-PHX-MTL |
| Plaintiffs, | **ORDER** |
| v. | |
| Kris Mayes, et al., | |
| Defendants. | |

Pending before the Court is Plaintiffs' Motion for Leave to File Second Amended Complaint (Doc. 207). Plaintiffs seek leave to file a Second Amended Complaint. (*Id.*) The proposed amendments include adding a constitutional claim, updating the caption, removing Plaintiffs' prior request for temporary and preliminary injunctive relief, and updating internal references. (*Id.*) Defendant disputes only adding the constitutional claim, a bill of attainder claim on behalf of Minor Doe pursuant to the United States Constitution and Arizona State Constitution. (Doc. 211) For the following reasons, the motion will be denied.

## I.    BACKGROUND

Plaintiffs' First Amended Complaint challenges Senate Bills 1404 and 1236. (Doc. 82); *see* S.B. 1236, 2024 Ariz. Sess. Laws ch. 158 (2d Reg. Sess.). Plaintiffs are three adults convicted of registerable sex offenses and one minor, Minor Doe, the child of a convicted sex offender. (Doc. 82 ¶¶ 5-62.) The Court dismissed two of Minor Doe's claims, and he now sustains only a claim for cruel and unusual punishment. (*Id.* ¶¶ 191-203,

285-309; Doc. 161.) Plaintiffs propose the addition of Count 11, a bill of attainder claim asserted on behalf of Minor Doe. (Doc. 207 at 4.)

The bill of attainder claim challenges the portion of S.B. 1404 that requires individuals convicted of certain sex offenses to disclose to the county sheriff "the child's name and enrollment status" "[i]f the person has legal custody of a child who is enrolled in school." A.R.S. § 13-3821(I)(5). This information is sent to the Department of Public Safety and the police chief where the registrant resides. *Id.* § 13-3821(I). The community notification requirements do not permit public disclosure of information about minors. *See id.* § 13-3823. Rather, a minor's school receives "the offender's photograph and exact address and a summary of the offender's status and criminal background." *Id.* § 13-3825(C)(1).

Plaintiffs allege that S.B. 1404 unconstitutionally "identifies a specific and readily ascertainable class—children of individuals required to register under A.R.S. § 13-3821— and imposes upon that class a distinct burden and stigma," "operating to shame, isolate, and endanger the child," thereby imposing "punishment upon Plaintiff Minor Doe and similarly situated children without trial." (Doc. 207-2 at 52.) Defendants argue that adding this claim would be futile because it fails to assert any of the necessary elements of a bill of attainder claim. (Doc. 211 at 5.)

## II.    LEGAL STANDARD

After the pleadings are joined, a party must either obtain consent from the opposing party or leave of the court to amend its pleading. Fed. R. Civ. P. 15(a)(2). "The court should freely give leave when justice so requires." *Id.* "The power to grant leave to amend . . . is entrusted to the discretion of the district court, which 'determines the propriety of a motion to amend by ascertaining the presence of any of four factors: bad faith, undue delay, prejudice to the opposing party, and/or futility.'" *Serra v. Lappin*, 600 F.3d 1191, 1200 (9th Cir. 2010) (citation modified).

District courts properly deny leave to amend if the proposed amendment would be futile or the amended complaint would be subject to dismissal. *Saul v. United States*, 928

F.2d 829, 843 (9th Cir. 1991). "[A] proposed amendment is futile only if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim." *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988).

## III.    DISCUSSION

Defendants oppose the proposed bill of attainder claim, arguing that its inclusion would be futile. Article I, § 10, clause 1 of the United States Constitution provides that, "[n]o State shall . . . pass any Bill of Attainder." Article II, § 25 of the Arizona State Constitution similarly provides that "[n]o bill of attainder . . . shall ever be enacted." A bill of attainder is a "law that legislatively determines guilt and inflicts punishment upon an identifiable individual without provision of the protections of a judicial trial." *Nixon v. Adm'r of Gen. Servs.*, 433 U.S. 425, 468 (1977); *see also State v. Henry*, 224 Ariz. 164, 167 (App. 2010) (acknowledging that federal precedent applies to questions raised under both article I, § 10, clause 1 of the United States Constitution and article II, § 25 of the Arizona Constitution). The three elements of a bill of attainder claim are: (1) "specification of the affected persons," (2) "punishment," and (3) "lack of a judicial trial." *Selective Serv. Sys. v. Minn. Pub. Int. Rsch. Grp.*, 468 U.S. 841, 847 (1984). The question presented is whether any set of facts may be proved under the amendment that would demonstrate that S.B. 1404 satisfies all three elements.

Because the Court finds that S.B. 1404 does not impose punishment on the alleged class of children, the Court "need not address whether they satisfy the other two elements of a bill of attainder claim." *Fowler Packing Co., Inc. v. Lanier*, 844 F.3d 809, 817 (9th Cir. 2016). To determine whether a law imposes punishment, the Court conducts three "necessary inquiries," including "(1) whether the challenged statute falls within the historical meaning of legislative punishment; (2) whether the statute, viewed in terms of the type and severity of burdens imposed, reasonably can be said to further nonpunitive legislative purposes; and (3) whether the legislative record evinces a congressional intent to punish." *Selective Serv. Sys.*, 468 U.S. at 852 (citation modified).

. . .

- 3 -

### A.    Historical Meaning of Punishment

Plaintiffs allege that the punishment imposed by S.B. 1404 is "a distinct burden and stigma" caused by the compelled disclosure of Minor Doe's name and enrollment status to law enforcement that "operat[es] to shame, isolate, and endanger the child." (Doc. 82 ¶¶ 313-15.) The compelled disclosure does not fall within the traditional categories that have been historically understood as encompassing penalties such as imprisonment, banishment, confiscation of property, and bars from participation in employment. *Nixon*, 433 U.S. at 474.

Plaintiffs maintain that the alleged penalty resembles corruption of blood and a general loss of family rights. (Doc. 218 at 5-6.) Corruption of blood, where a law "penaliz[es] the children for the sins of their mother," is "a form of bill of attainder," *King v. Smith*, 392 U.S. 309, 336 n.5 (1968) (Douglas, J., concurring). Moreover, "[t]he deprivation of any rights, civil or political, previously enjoyed, may be punishment." *Cummings v. Missouri*, 71 U.S. 277, 320 (1866). But while S.B. 1404 compels disclosure of a minor's information as a collateral consequence of his parent's conviction, it does not resemble a bill of attainder that involves the corruption of blood, such as where an heir is denied the right to inherit an estate. *See, e.g., Nixon*, 433 U.S. at 473 n.3; *see also Smith v. Doe*, 538 U.S. 84, 86 (2003) (explaining that "the dissemination of information" in a sex offender community notification system did not resemble early punishments). The disclosure of a minor's name and enrollment status to law enforcement does not deprive the minor of the type of right typically associated with bills of attainder.

### B.    Non-Punitive Legislative Purposes

The Court's second inquiry focuses on "whether the statute, 'viewed in terms of the type and severity of burdens imposed, reasonably can be said to further nonpunitive legislative purposes.'" *Selective Serv. Sys.*, 468 U.S. at 852 (citation modified). Plaintiffs allege that the burden imposed by S.B. 1404 on Minor Doe is the "stigma, isolation, and risk of harm in their school environments." (Doc. 218 at 7.) But while law enforcement receives the name and enrollment status of the minor, the school receives only "the

offender's photograph and exact address and a summary of the offender's status and criminal background." A.R.S. § 13-3825(C)(1); *see also* A.R.S. § 13-3823 (prohibiting disclosure of registration statements "[e]xcept for use by law enforcement officers and for dissemination as provided in § 41-1750").

"An intent to punish must be accompanied by the imposition of some sort of harm on certain individuals." *Fowler Packing Co., Inc.*, 844 F.3d at 819. Plaintiffs do not propose any newly pleaded allegations that demonstrate how a disclosure to law enforcement but not the public would shame, isolate, and endanger a child. Rather, Defendants persuasively argue that the non-punitive purpose of the disclosure is to provide law enforcement with the name of schools where a given sex offender is likely to be present. (Doc. 211 at 10-11.) Prior to S.B. 1404, the community notification requirements only required notification to "area schools," but not a sex offender's child's out-of-district school. *See* 2024 Ariz. Sess. Laws ch. 57, § 3 (2d Reg. Sess.). In conjunction with an added requirement that notification be made to "the child's school," S.B. 1404 requires sex offenders to disclose information about their children so that law enforcement may notify the children's school. A.R.S. § 13-3821(C)(1); *see Smith*, 538 U.S. at 99 ("The purpose and the principal effect of notification are to inform the public for its own safety, not to humiliate the offender."). The Court finds that the primary purpose of the disclosure is to fill a gap in the notification scheme, and that purpose is nonpunitive.

### C.    Legislative Intent to Punish

The final inquiry is "whether the legislative record evinces a congressional intent to punish." *Selective Serv. Sys.*, 468 U.S. at 852 (citation modified).[*] Plaintiffs plead that the "bill was hotly debated in part due to concerns that the effect of the bill would harm children, rather than promote the goal of the bill." (Doc. 207-1 at 23.) Despite Plaintiffs' acknowledgement that concerns about burdening children are distinct from the goal of the bill, Plaintiffs assert that the legislature's knowledge that the S.B. 1404 would place a burden on sex offenders' children is enough to evince a congressional intent to punish.

---

[*] The legislature at issue in this case is the Arizona State Legislature, not Congress. The Court therefore looks to whether there is legislative, not "congressional," intent.

(Doc. 218 at 8-9.) But the legislature's awareness that it is imposing a burden does not demonstrate its intent to punish. *See Atonio v. Wards Cove Packing Co.*, 10 F.3d 1485, 1496 (9th Cir. 1993) (finding no intent to punish even though "Congress was aware that it was imposing a burden"). The Court finds that Plaintiffs' allegations do not support an inference of punitive intent.

In light of these three inquiries, the Court finds that S.B. 1404's requirement that registrants disclose their child's name and enrollment status does not impose a punishment. That is dispositive of Plaintiffs' proposed claim. *Fowler Packing*, 844 F.3d at 817. Accordingly, no set of facts can be proved under the amendment to the pleadings that would validate the proposed bill of attainder claim. Because it would be futile, the Court will deny Plaintiffs' request for leave to add the proposed claim.

## IV.    CONCLUSION

Accordingly,

**IT IS ORDERED** that Plaintiffs' Motion for Leave to File Second Amended Complaint (Doc. 207) is **GRANTED IN PART AND DENIED IN PART**. The Court grants leave for Plaintiffs to file a second amended complaint with their proposed amendments, but the amended complaint may not include the proposed bill of attainder claim raised on behalf of Minor Doe.

**IT IS FURTHER ORDERED** that Plaintiffs must file the second amended complaint no later than **March 9, 2026**.

Dated this 2nd day of March, 2026.

Michael T. Liburdi
United States District Judge