# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jane Doe, et al., | No. CV-24-02259-PHX-MTL |
| Plaintiffs, | **ORDER** |
| v. | |
| Kris Mayes, et al., | |
| Defendants. | |

The parties filed a Joint Discovery Dispute Motion (Doc. 256). Defendants' position is that "Plaintiffs have failed to serve complete and responsive answers to [the Arizona Department of Public Safety's ("DPS")] interrogatories" and "have failed to serve *any* written response to DPS's requests for production and have failed to produce responsive documents. (*Id.* at 2.) Plaintiffs argue that they "have been proceeding diligently with this litigation and discover," and "Plaintiffs have been making ongoing efforts to comply with the demands." (*Id.* at 3-5.)

While Plaintiffs have served responses to Defendants' interrogatories, those responses are deficient. (Doc. 256 at 2-3.) But particularly troubling is Plaintiffs' failure to respond to Defendants' requests for production, which were originally served on January 16, 2026. (256-3.) Plaintiffs have already agreed to three extensions of the deadline to respond. (Docs. 256-4, 256-9, 256-12.) All three of those deadlines lapsed without Plaintiffs providing responses to Defendants' requests for production, in violation of Federal Rule of Civil Procedure 34(b)(2)(A) and (B). (Docs. 256 at 2, 3; 256-10.)

Plaintiffs provide no justification in the Motion as to why they have not provided responses to Defendants' requests for production. (*See* Doc. 256.) Plaintiffs' counsel's only explanation for their noncompliance can be found in an April 23, 2026, discovery letter, which states that Plaintiffs' counsel is "unable to provide [Defendants] with documentation that has never been in [their] possession." (Doc. 256-10.) What is in *counsel's* possession is immaterial, since Federal Rule of Civil Procedure 34(a)(1) permits parties to seek "items in the responding *party*'s possession, custody, or control," and Rule 34(b)(2) compels Plaintiffs' counsel to comply with such requests. The Court therefore finds that Plaintiffs have failed to comply with their discovery obligations. The Court will impose deadlines for Plaintiffs to comply so that this case proceeds within the deadlines set in the Scheduling Order (Doc. 181).

Plaintiffs state that they "are in the process of finalizing their amended responses to the Defendants' Interrogatories, which should be completed and executed by all Plaintiffs, by Friday, May 22nd." (Doc. 256 at 4.) The Court will adopt Plaintiffs' proposed deadline to amend their responses to Defendants' Interrogatories. The Court will also impose a deadline for Plaintiffs to respond to Defendants' requests for production.

**IT IS THEREFORE ORDERED** that the parties' Joint Discovery Dispute Motion (Doc. 256) is **GRANTED**.

**IT IS FURTHER ORDERED** Plaintiffs must serve amended responses to Defendants' interrogatories (Doc. 256-2) no later than **May 22, 2026**, fully answering each interrogatory.

**IT IS FURTHER ORDERED** that Plaintiffs must conduct reasonable and diligent efforts to retrieve responsive documents. Plaintiffs must respond in writing to each of Defendants' requests for production (Doc. 256-3) no later than **May 29, 2026**.

. . . .

. . . .

. . . .

. . . .

**IT IS FINALLY ORDERED** that, should Plaintiffs fail to comply with this Order, the Court will entertain a motion pursuant to Federal Rule of Civil Procedure 37 and Local Rule of Civil Procedure 37.1.

Dated this 21st day of May, 2026.

Michael T. Liburdi

Michael T. Liburdi
United States District Judge

- 3 -