**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

Jane Doe, et al.,

           Plaintiffs,

v.

Col. Jeffrey Glover, et al.,

           Defendants.

No. CV-24-02259-PHX-MTL

**ORDER**

The parties filed a Joint Discovery Dispute Motion concerning Plaintiffs' belated disclosure of an expert report authored by Dr. Kristin Zgoba. (Doc. 262.)

**I.**

The Scheduling Order, as amended, requires the parties to make expert disclosures pursuant to Rule 26(a)(2)(A) no later than January 9, 2026. (Doc. 206.) If a party fails to timely make an expert disclosure pursuant to Rule 26(a)(2)(B), "the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." F. R. Civ. P. 37(c)(1).

**II.**

On August 19, 2025, Plaintiffs timely disclosed an expert report authored by Dr. Zgoba and dated October 19, 2024. (Docs. 262, 262-3.) Plaintiffs produced a new expert report, authored by Dr. Zgoba, to Defendants on May 19, 2026. This happened more than four months after the deadline to do so under the Court's Scheduling Order. The report is a completely new opinion concerning "an independent examination of the effects of SB

1404 on registrants in Arizona" and "based on in-depth interviews with 11 Arizona registrants affected by SB 1404." (Doc. 262-2 at 4.)

According to Plaintiffs, the delayed disclosure was due to Dr. Zogba's prolonged conducting of an independent study that would serve as the basis for the report. (Doc. 262 at 4-5.) But that justification does not explain why Plaintiffs did not request an extension of the deadline that they flouted. Dr. Zogba began working on her study in May 2025, providing Plaintiffs with ample time to foresee that the length of the study would require extending the deadline. Only now do Plaintiffs offer to, "if needed and after a meet-and-confer, . . . request that the deadline for fact discovery and expert depositions, as well as the deadline for expert reports, be extended." (Doc. 262 at 2.) Plaintiffs' belated offer to seek an extension only after being forced to litigate a discovery motion underscores their lack of diligence in managing the deadlines in this case. The Court therefore finds that substantial justification does not exist to disregard Plaintiffs' tardiness in disclosing the expert report or otherwise requesting modifications to the deadlines imposed by the Scheduling Order.

The Court also finds that Plaintiffs' failure to timely disclose the expert report is not harmless. Plaintiffs argue "there is no evidence that Defendants were prejudiced." (*Id.* at 5.) Plaintiffs maintain this contention despite disclosing Dr. Zgoba's report less than two days before Defendants were scheduled to depose her. (Doc. 253.) Plaintiffs' late disclosure deprived Defendants of an adequate opportunity to prepare. While Plaintiffs offer to ameliorate this prejudice by rearranging the timetable set by this Court, "[d]isruption to the schedule of the court and other parties . . . is not harmless." *Wong v. Regents of Univ. of Cal.*, 410 F.3d 1052, 1064 (9th Cir. 2005). That is why the Court's Scheduling Order advises the parties that "[t]he Court will . . . enforce the deadlines set forth in this Order, and the parties should plan their litigation activities accordingly." (Doc. 181 ¶ 13.) Specifically with respect to the disclosure of expert reports, the Scheduling Order states that "[a]bsent extraordinary circumstances, parties will not be permitted to supplement expert reports after" the disclosure deadlines set by the Court.

(Doc. 181 ¶ 4.) Plaintiffs' noncompliance with the Scheduling Order is not harmless.

The Court will grant the Joint Discovery Dispute Motion as to Defendants and bar Plaintiff's reliance on the opinions expressed in the late expert report (Doc. 262-2).

**IT IS THEREFORE ORDERED** that the parties' Joint Discovery Dispute Motion (Doc. 262) is **GRANTED** as to Defendants. Plaintiffs may not rely on, in any motion, at any hearing, or at trial, any untimely opinions expressed by Dr. Zgoba in her report dated May 15, 2026 (Doc. 262-2).

Dated this 4th day of June, 2026.

Michael T. Liburdi

Michael T. Liburdi
United States District Judge