**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

Jane Doe, et al.,

       Plaintiffs,

v.

Col. Jeffrey Glover, et al.,

       Defendants.

No. CV-24-02259-PHX-MTL

**ORDER**

Pending before the Court is the parties' Joint Discovery Dispute Motion in which the parties dispute whether the Court should prohibit Plaintiffs' taking of Defendant Col. Jeffrey Glover's deposition. (Docs. 267.)

**I.**

Col. Glover is the Director of the Arizona Department of Public Safety ("DPS"), and he is sued in his official capacity. (Doc. 241 ¶ 64.) Plaintiffs served a notice of deposition on May 28, 2026, stating that Col. Glover would be deposed on June 10, 2026, which is one day before the last date on which the Court permits the parties to schedule depositions. (Doc. 267-1; 181 at 2; 206.) In deposing Col. Glover, Plaintiffs seek information about sex offender statistics, the sex offender website publication process, and the sex offender website generally. (Doc. 267-2.) But Col. Glover maintains that Plaintiffs have not exhausted less intrusive discovery methods to obtain that information and that Col. Glover otherwise lacks personal knowledge as to the information sought. (Doc. 267 at 2-3.) Prior to the notice of deposition, the only discovery sought by Plaintiffs from DPS

is a set of requests for interrogatories that was not timely served. (*Id.* at 3.)

Defendant Col. Jeffrey Glover filed a Motion for Protective Order, requesting a protective order pursuant to Federal Rule of Civil Procedure 26(c)(1) preventing Plaintiff from taking Col. Glover's deposition (Doc. 264). The Court denied the Motion for its failure to follow the Scheduling Order's joint briefing procedure for discovery disputes. (Doc. 265.) The parties re-raised the issue to the Court in a joint discovery motion that outlines the parties' respective positions in accordance with the Scheduling Order. (Doc. 267.)

**II.**

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). Rule 26(c)(1), however, allows courts to limit discovery "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense."

"The deposition of a high-level official or executive, often referred to as an 'apex' deposition, may be precluded by the Court under Rule 26(c) where the discovery sought can be obtained from some other source that is more convenient, less burdensome, or less expensive." *Estate of Levingston v. Cty. Of Kern*, 320 F.R.D. 520, 525 (E.D. Cal. 2017) (internal citation and quotation marks omitted). Seeking such depositions creates "a tremendous potential for abuse or harassment." *Apple Inc. v. Samsung Electronics Co., Ltd.*, 282 F.R.D. 259, 263 (N.D. Cal. 2012) (internal citation omitted). "[T]he closer that a proposed witness is to the apex of some particular peak in the corporate mountain range, and the less directly relevant that person is to the evidence proffered in support of his deposition, the more appropriate the protections of the apex doctrine become." *Id.* at 263.

Col. Glover, as Director of DPS, oversees almost 2,100 full-time employees. *See* https://www.azdps.gov/organization. The Court finds that he is sufficiently high ranking to invoke the privilege.

**III.**

"In determining whether to allow an apex deposition, courts consider (1) whether

- 2 -

the deponent has unique first-hand, non-repetitive knowledge of the facts at issue in the case and (2) whether the party seeking the deposition has exhausted other less intrusive discovery methods." *Topete v. City of Mesa*, No. CV-18-03127-PHX-ROS (ESW), 2020 WL 8872800, at*1 (D. Ariz. Apr. 29, 2020) (internal quotation marks and citations omitted).

Plaintiffs generally argue that "[w]hile subordinate employees may be able to describe individual procedures or technical functions, they cannot speak with the same authority regarding" agency objectives, administration, and decision-making. (Doc. 267 at 5.) Plaintiffs have offered no specific evidence that Col. Glover specifically possesses unique first-hand, non-repetitive knowledge concerning the information Plaintiffs seeks. Rather, Defendants persuasively argue that, as head of an agency, Col. Glover is unlikely to possess the information sought by Plaintiffs, such as the process for publishing the agency's website. (*Id.* at 3.) Moreover, Col. Glover's deposition is the first timely attempt to pursue discovery from DPS. (*Id.* at 3.) Plaintiffs have not exhausted less intrusive discovery methods because they have not pursued any alternative discover methods. The Court therefore finds that both factors counsel against authorizing Plaintiffs to depose Col. Glover. The Court will grant the Motion (Doc. 267) as to Defendants and prohibit Plaintiffs from deposing Col. Glover.

**IT IS THEREFORE ORDERED** that the Joint Discovery Dispute Motion (Doc. 267) is **GRANTED** as to Defendants. Plaintiffs are barred from taking the deposition of Defendant Col. Jeffrey Glover.

Dated this 5th day of June, 2026.

Michael T. Liburdi
Michael T. Liburdi
United States District Judge